**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-cv-2364 |
| CSPH, INC. d/b/a Domino's Pizza | § § § | |
| Defendant. | § § | Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff John Michael Redus, on behalf of himself and others similarly-situated files this Original Complaint, and states:

### I.   NATURE OF SUIT

1.   This action is brought under the Fair Labor Standards Act seeking the payment of minimum wages to Plaintiff and those individuals similarly situated to him. Plaintiff, and those similarly situated, worked as delivery drivers for Defendant. Defendant's policy and practice is to fail to reimburse its delivery drivers for automobile costs, maintenance, and other job-related expenses, resulting in the delivery drivers being paid less than the federal minimum wage.

2.   Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

### II.   PARTIES

3.   Plaintiff John Michael Redus is an individual who was employed by Defendant within the meaning of the FLSA. Plaintiff's Consent to proceed in this action is attached as "Exhibit A."

4.   The Plaintiff and Class Members are Defendant's current and former delivery drivers who work or worked at Defendant's stores in the previous three years. ("Class Members").

5. Defendant CSPH, Inc., is a Texas corporation and may be served with process through its registered agent, Richard J. Hafner, 8805 Sovereign Row, Dallas, Texas 75247, wherever he may be found.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and Defendant's principal place of business is in this district.

### IV.   COVERAGE

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

13.     Defendant is a Domino's Pizza franchisee. Defendant operates more than 30 pizza stores and has employed hundreds of delivery drivers in the last three years. Defendant has more than $500,000 in annual gross dollar volume of sales.

14.     Plaintiff was employed by Defendant from approximately October 2012 to approximately March 2014. Plaintiff worked as a delivery driver.

15.     Defendant required Plaintiff and the Class Members to maintain and pay for operable, safe and legally-compliant automobiles to use in delivering Defendant's pizza and other food items.

16.     Pursuant to such requirements, Plaintiff and the Class Members purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance, and suffered automobile depreciation ("automobile expenses"), all for the primary benefit of Defendant. Additionally, Plaintiff and the Class Members purchased other items such as, but not limited to, cellular telephone services, uniform items including pants and shoes, laundering services, and maps, flashlights and batteries ("job-related expenses), again all for the primary benefit of Defendant.

17.     Defendant paid Plaintiff and the Class Members an hourly wage (taking into account a partial tip credit) plus a set amount for each delivery as a partial reimbursement for their automobile expenses. Plaintiff was paid between $4.00 and $5.00 per hour for his work, plus tips. Plaintiff was paid approximately $1.25 per delivery he made as a partial reimbursement of

his automobile and other expenses.

18. The amount paid by Defendant to Plaintiff and the Class Members per delivery for automobile expenses was insufficient to reimburse them for their actual automobile expenses incurred in delivering Defendant's pizza and other food items. Further, Defendant wholly failed to reimburse Plaintiff and the Class Members for the other job-related expenses incurred by them for the purpose of delivering Defendant's pizza and other food items including, but not limited to, uniform purchase, laundering, cleaning and maintenance, cellular telephone charges, and purchases of flashlights, batteries and maps.

19. As a result of the automobile and other job-related expenses incurred by Plaintiff and the Class Members, they were deprived of the minimum wage guaranteed to them by the FLSA.

20. Plaintiff and the Class Members were not required to record their automobile and other job-related expenses and Defendant failed to maintain accurate records of job-related expenses and deductions from wages, as required by the FLSA.

21. Plaintiff complained about not being paid minimum wage as a result of the insufficient automobile expense reimbursement. Defendant did not change its wage payment practices after receiving these complaints. Therefore, Defendant was aware of the FLSA's minimum wage requirements and chose not to pay Plaintiff and the Class Members lawfully. Consequently, Defendant's violations of the FLSA were willful.

### VI.   COLLECTIVE ACTION ALLEGATIONS

22. During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals as delivery drivers in its stores and failed to pay them wages as required by the FLSA. Plaintiff and the Class Members perform(ed) the same or

similar duties and were/are paid under the same pay plan(s) that failed to pay them minimum wages as required by the FLSA.  Accordingly, the Class Members victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

23.     Defendant's failure to pay minimum wages at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.  All Class Members are entitled to minimum wage compensation for their hours of work.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Class Members.

24.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages with respect to Plaintiff and the Class Members.

### VII.   CAUSES OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25.     During the relevant period, Defendant has violated and is violating the provisions of Sections 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without payment of proper minimum wages.

### VIII.   RELIEF SOUGHT

26.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a.     For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

      b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

      c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

      d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
Attorney-in-Charge
State Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is the original complaint. Service of this complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**