**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:15-cv-2364-M |
| **CSPH, INC. d/b/a Domino's Pizza.,** | § § | Jury Demanded |
| *Defendant.* | § § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

*/s/Sonja J. McGill*
Jay M. Wallace
Texas Bar No. 20769200
jwallace@bellnunnally.com
Sonja J. McGill
Texas Bar No. 24007648
smcgill@bellnunnally.com
R. Heath Cheek
State Bar No. 24053141
hcheek@bellnunnally.com
Anthony J. Bégon
State Bar No. 24092109
abegon@bellnunnally.com
3232 McKinney Avenue., Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**ATTORNEYS FOR DEFENDANT**
**CSPH, INC. D/B/A DOMINO'S PIZZA**

i

## **TABLE OF CONTENTS**

**PAGE**

**TABLE OF AUTHORITIES** ............................................................................................. iii

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT** ............................................ 1

**II.    EVIDENCE** ................................................................................................ 2

**III.   FACTUAL BACKGROUND** ........................................................................... 2

**IV.    ARGUMENTS AND AUTHORITIES** ............................................................... 4

    **A.     Legal Standard** .............................................................................. 4

    **B.     Defendant Is Entitled To Summary Judgment On Plaintiff's Claim For Alleged Violations Of The FLSA's Minimum Wage Requirement For Failing To Reimburse Actual Automobile Expenses** ......................................... 5

        **1.     The FLSA does not require that an employer reimburse employees for actual automobile expenses incurred, only a reasonable approximation.** ................................................................... 6

        **2.     There is no evidence that Plaintiff was paid below the minimum wage** ............................................................................... 7

**V.     CONCLUSION** ........................................................................................ 11

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ....................................................................... 5

*Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir. 1995), *revised on other grounds*, 79 F.3d 1415 (5th Cir. 1995) (en banc) ..................................................................... 5

*Lentz v. Spanky's Rest. II, Inc.,* 491 F.Supp.2d 663, 669 (N.D. Tex.2007) .................................. 11

*Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) ........................................... 6

*Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 650-51 (5th Cir. 2004)) .......................................... 5

*Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) .......................................... 9

*Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) ..................................... 11

*Tex. Manufactured Hous. Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996) .................... 5

*Wass v. NPC Int'l., Inc.*, 688 F. Supp. 2d 1282, 1286 (D. Kan. 2010) .................................... 5,7, 8

**Statutes**

29 U.S.C. § 206(a) ......................................................................................................................... 6

29 U.S.C. § 211(c) ....................................................................................................................... 10

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant **CSPH, INC. D/B/A DOMINO'S PIZZA** ("Defendant" or "CSPH") files this Motion for Summary Judgment, and would show the Court as follows:

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

1.   This case is about Plaintiff John Michael Redus's ("Plaintiff" or "Redus") attempt to represent a collective action for alleged violations of the Fair Labor Standards Act's ("FLSA"), which requires employers to provide vehicle reimbursement for employees who use their vehicles in their jobs. Plaintiff does not provide any information related to the purported "actual" automotive expenses he incurred in support of this claim. As implicit recognition of this fatal deficiency, Plaintiff has intentionally failed to provide this information (if it even exists), until after the Court rules on his motion for conditional certification. This tactic might have the perverse effect of allowing Plaintiff to create a costly, burdensome collective action from a claim which he has no evidence to support.

2.   The undisputed evidence demonstrates that Plaintiff was not paid below the federal minimum wage. Specifically, Defendant's policies and records demonstrate that Plaintiff was in fact compensated well above the federal minimum wage requirements. Therefore, it is axiomatic that Plaintiff cannot seek relief on behalf of himself — let alone represent a collective action — if he has not suffered a concrete and particularized injury. Accordingly, Defendant requests this Court to grant its Motion for Summary Judgment because the Plaintiff has no evidence that either he nor Russell Rowe ("Rowe"), the Party Plaintiff, received an hourly wage below federal minimum wage during their tenure with Defendant. In addition, neither Mr. Redus nor Mr. Rowe can present an issue of material fact regarding the same, as a matter of law.

## II. EVIDENCE

3. This Motion is supported by the following evidence, true and correct copies of which are incorporated herein by reference for all purposes:[1]

   a) The pleadings and exhibits already on file with this Court;

   b) The Declaration of Joy Wilson and accompanying exhibits;

   c) The Declaration of Parry Zielinski and accompanying exhibits; and

   d) The Declaration of Sonja J. McGill and accompanying exhibits.

## III. FACTUAL BACKGROUND

4. Defendant is a Domino's pizza franchisee operating over thirty restaurants in the Dallas/Fort Worth area.

5. Plaintiff John Michael Redus ("Plaintiff" or "Redus") is a former employee of Defendant who worked as a pizza delivery driver from October 10, 2012, to March 23, 2014. App. 2 ¶ 6.

6. The delivery driver position qualifies as a tipped employee under the Fair Labor Standards Act ("FLSA") and, as such, a significant portion of those employees' compensation is derived from tips. App. 2 ¶¶ 6-10. Defendant provided a tip credit of $2.10/hour for Plaintiff. *Id*.

7. Throughout the relevant time periods, Defendant compensated Plaintiff as follows: (1) a tipped employee wage rate of $5.15 per hour; (2) overtime at that rate as applicable; (3) all tips from his deliveries; and (4) a $0.90 per run reimbursement for any automobile expenses. App. 2 ¶¶ 6-27; App. 71-99; App. 153 ¶ 8   Defendant required Plaintiff to

---

[1] This Motion is supported by the Appendix in Support of Defendant's Motion for Summary Judgment ("App." or "Appendix"), which is being filed contemporaneously with this Motion and incorporated herein by reference. References herein to "App." are to the page numbers of the Appendix located on the bottom right hand corner of each page.

declare his tips, which were tracked in Defendant's payroll system. App. 152 ¶ 6. Likewise, Defendant also used a tracking system to track the Plaintiff's mileage during his deliveries and the number of deliveries he made each day. App. 153 ¶ 9.

8. On July 20, 2015, Plaintiff filed suit against Defendant under the FLSA, alleging that, "Defendant's policy and practice is to fail to reimburse its delivery drivers for automobile costs, maintenance, and other job-related expenses, resulting in the delivery drivers being paid less than the federal minimum wage." Pl.'s Complaint at ¶ 1 [Docket 1] (filed July 20, 2015). The Complaint does not provide any calculation or approximation of the costs Plaintiff actually or approximately incurred. Pl.'s Complaint [Docket 1].

9. After filing suit, counsel for Plaintiff spent over a year trying to find another plaintiff to join the suit, presumably so he could transform it into a collective action. Over a year after filing suit, Plaintiff's counsel provided a Notice of Consent to Be a Party Plaintiff by Russell Rowe ("Rowe") seeking to join the lawsuit as a Plaintiff. Notice of Consent [Docket 15-1] (filed August 15, 2016). Mr. Rowe is also a former employee of Defendant who worked as a pizza delivery driver from August 9, 2013, to July 16, 2014. App. 6 ¶ 17.

10. Over the past fifteen months, the Parties conducted discovery including Interrogatories and Requests for Production served by Plaintiff. App. 157-185. Specifically, Plaintiff requested and received Defendant's payroll records which demonstrate that Plaintiff and Rowe were compensated far more than minimum wage, even accounting for any reimbursement. App. 166-167. Combining their wages ($5.15/hour), tips, and reimbursements per run, Plaintiff received an average of $10.72/hour and Rowe received $11.73/hour, both of which are far above the $7.25/hour Texas minimum wage during the relevant time periods (both earned an average of $9.41/hour with just wages plus tips). App. 21-99, 110-150, 190-195, 196-201.

11.     On March 24, 2016, Defendant also propounded documents request on Plaintiff, seeking among other things, information which supports Plaintiff's contention that he and other putative class members were deprived of the minimum wage. App. 174-185.

12.     Plaintiff objected to each document request on the grounds that they were premature and outside the permissible discovery pursuant to the Court's Order [Docket 14] (filed April 29, 2016), permitting discovery related to conditional certification. App. 174-185. For the purpose of certifying the putative Class members, Plaintiff alleges "the amount paid by Defendant to Plaintiff and the [putative] Class Members per delivery for automobiles expenses was insufficient to reimburse them for their actual automobile expenses incurred in delivering Defendant's pizza and other food items," Pl.'s Complaint at ¶ 18 [Docket 1] (filed July 20, 2015), yet to date, Plaintiff refused to produced documents relating to his purported expenses. App. 174-185.

13.     Close to a year and a half after filing suit, Plaintiff filed his Motion for Notice to Potential Plaintiffs and for Conditional Certification [Docket 20] (filed November 30, 2016) pursuant to the collective action provisions of the FLSA.

## IV.     ARGUMENT AND AUTHORITIES

Summary judgment should be granted dismissing Plaintiff's claim for alleging a violation of Sections 6 of the FLSA, 29, U.S.C. §§ 206 and 215(a)(2), because there is no genuine issue of material fact on the issue of whether Defendant paid, and Plaintiff received minimum wage pursuant to the FSLA.

**A.     Legal Standard**

Federal Rule of Civil Procedure 56 provides that claims that have no factual or legal bases should be disposed of prior to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Rule 56 "mandates the entry of summary judgment . . . against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . ." *Id.* at 322. "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 650-51 (5th Cir. 2004) (*quoting Celotex Corp.*, 477 U.S. at 322).

The moving party's burden on summary judgment is discharged by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). The burden is therefore on the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact warranting a trial. *Tex. Manufactured Hous. Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996). The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir. 1995), *revised on other grounds*, 79 F.3d 1415 (5th Cir. 1995) (en banc). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (*quoting Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)).

**B.   Defendant Is Entitled To Summary Judgment On Plaintiff's Claim For Alleged Violations Of The FLSA's Minimum Wage Requirement For Failing To Reimburse Actual Automobile Expenses**

The FLSA provides that, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $7.25 an hour." 29 U.S.C. § 206(a). Section 206(a) of the FLSA sets the minimum wage in terms of an hourly rate, therefore, a violation of section 206(a) occurs when an employee is paid at a rate that is below the minimum rate.

Plaintiff alleges that Defendant failed to reimburse Plaintiff for his actual automobile expenses,[2] and other job-related expenses,[3] which resulted in being paid less than the federal minimum wage. Pl.'s Complaint at ¶ 17-18 [Docket 1] (filed July 20, 2015). Plaintiff's claim is unsustainable for two reasons.

1. The FLSA does not require that an employer reimburse employees for actual automobile expenses incurred, only a reasonable approximation.

Plaintiff alleges that the amount paid by Defendant per delivery for reimbursement of automobile expenses was insufficient to reimburse him for his *actual* expenses incurred for the benefit of Defendant. Pl.'s Complaint at ¶ 18 [Docket 1] (filed July 20, 2015). However, as applied in the context of delivery drivers, the regulations "permit an employer to approximate reasonably the amount of an employee's vehicle expenses without affecting the amount of the employee's wages for purposes of the federal minimum wage law." *Wass v. NPC Int'l., Inc.*, 688 F. Supp. 2d 1282, 1286 (D. Kan. 2010) (holding that the plaintiff could not base his claim on the

---

[2] Plaintiff defines "automotive expenses" as "gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance, and suffered automobile depreciation." *See* Pl.'s Complaint at ¶ 16 [Docket 1] (filed July 20, 2015).

[3] It is unclear whether "other job-related expenses," defined in the Complaint as "cellular telephone services, uniform items including pants and shoes, laundering services, and maps, flashlights and batteries" is part of Plaintiff's claim for a violation of Section 206(a). Moreover, Plaintiff fails to allege whether he was required to purchase any of these items. *See Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) (holding that Plaintiffs do not allege facts that plausibly show that Defendant was required to pay for laundering and maintenance under the FLSA). In fact, the Defendant provided both Mr. Redus and Mr. Rowe one uniform as required by the FLSA. App. 4 ¶ 12, 20; App. 8 ¶ 23, 109. Any additional uniforms either purchased were optional. *Id.* Regardless, Defendant moves for summary judgment of these claims.

defendants' failure to reimburse actual expenses because the defendant could reasonably approximate the Plaintiff's vehicle related expenses in setting the reimbursement rate).

Defendant requires that its drivers maintain safe, functioning, insured and legally-operable vehicles to make deliveries; therefore, Defendant developed a delivery-related expense reimbursement formula that compensates drivers a flat, per delivery rate, regardless of the driver's actual cost-per-mile or actual miles driven, as permitted by law. App. 152 ¶ 4. Drivers recover this reimbursement whether they drive one block or one mile for their runs. App. 6 ¶ 16; App. 19 ¶ 27. Plaintiff admits to receiving such reimbursements. Pl.'s Complaint at ¶ 18 [Docket 1]. As a matter of law, Plaintiff cannot sustain a claim against Defendant for a violation of section 206(a) for an alleged failure to reimburse actual automobile expenses, when, as here, Defendant provided a reasonable approximation of Plaintiff's expenses. *Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1229–30 (D. Colo. 2010) (*citing Wass,* 688 F.Supp.2d 1282) ("[T]o extent that Plaintiffs allege automobile-related expense claims, they should be aware that under the applicable federal regulations, Defendant may approximate those expenses in reimbursing them"). Defendant's reasonable approximation satisfies all of its duties under the FLSA.

2. There is no evidence that Plaintiff was paid below the minimum wage.

The gravamen of Plaintiff's complaint is rooted in the allegation that he was not reimbursed for his *actual* automobile expenses and, thus, deprived of minimum wage. Pl.'s Complaint at ¶¶ 18-19 [Docket 1]. However, completely absent from Plaintiff's Complaint and discovery responses are any facts or data to identify or even hint at Plaintiff's actual or approximate automobile expenses. In the Complaint, Plaintiff defines automobile expenses as "gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance, and suffered automobile depreciation." Pl.'s Complaint at ¶ 16 [Docket 1]. Despite

being in the best position to know his own actual or approximate automobile expenses, Plaintiff intentionally omits this crucial information from the Complaint and pled unsubstantiated conclusory allegations that his automobile expenses were "insufficient to reimburse [him] for [his] actual automobile expenses incurred." Pl.'s Complaint at ¶¶ 18-19 [Docket 1]; s*ee Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) ("Plaintiffs have alleged only conclusorily that the deficiency in reimbursements brought their wages below the legal minimum. Plaintiffs do not allege what they were paid on an hourly basis, what amounts they expended delivering pizzas, what they were reimbursed per-delivery, or any other facts that would allow this Court to infer that Plaintiffs have actually received less than minimum wage.").

Plaintiff also refuses to provide information on his alleged automobile expenses on the purported grounds that it is outside the scope of permissible discovery relating to the certification phase. App. 174-185. However, because Defendant is permitted by law to reasonably approximate vehicle related expenses for reimbursement purposes, Plaintiff's purported automobile expenses are at the heart of this litigation and the basis for conditional certification. Therefore, there is no justification for Plaintiff to withhold this information. There has been adequate time for discovery, and at this stage in the litigation it is evident that Plaintiff is unable to provide this information because Plaintiff was actually compensated above the federal minimum wage rate. If Plaintiff truly had a claim, he would be able to provide odometer readings for his car during his employment to determine the percentage of his mileage used as a delivery driver, gas receipts, insurance receipts, miles per gallon statistics for his car, or any other items which would allow the fact-finder to calculate how much he actually spent on his delivery runs, so it could be compared to Defendant's reasonable approximation of those expenses.

Plaintiff acknowledges that he received compensation at an hourly wage at or above minimum wage, in compliance with the FLSA. Pl.'s Complaint at ¶¶ 17-18 [Docket 1]. During the relevant time period, Defendant paid Plaintiff: (1) a tipped employee wage rate of $5.15 per hour; (2) overtime at that rate as applicable; (3) all tips from his deliveries, and (4) a $$0.85-0.90 per run reimbursement for any employment related automobile expenses incurred by Plaintiff. App. 2 ¶¶ 6-27; App. 71-99; App. 153 ¶ 8. Defendant required Plaintiff to declare his tips, which were tracked in Defendant's payroll system. 152 ¶ 6. Likewise, Defendant also used a tracking system to track Plaintiff's mileage during their deliveries and the number of deliveries he made each day. 153 ¶ 9. At all times Defendant has maintained accurate records of Plaintiff's wages, hours and other information relating to their conditions of employment. App. 001-156; see 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him").

Defendant paid Plaintiff an average of $9.41 per hour (5.15/hour plus tips), or $2.16 above the federal minimum wage, while working for Defendant. App. 21-99, 190-195. In addition, Defendant reimbursed Plaintiff at a rate of $0.90 for each delivery he made, to cover the expenses incurred in utilizing his own vehicle, a 1998 Toyota Camry, to make those deliveries, for an average of pay of $10.72 per hour ($3.47/hour above minimum wage). App. 21-99, 190-195.

Defendant paid Rowe an average of $9.41 per hour ($5.15/hour plus tips), or $2.16 above the federal minimum wage, while working for Defendant. App. 110-150, 196-201. In addition, Defendant reimbursed Plaintiff at a rate of $0.90 for each delivery he made, to cover the expenses incurred in utilizing his own vehicle, a 1998 Toyota Camry, to make those deliveries,

for an average of pay of $11.73 per hour ($4.48/hour above minimum wage. App. 110-150, 196-201.

As mentioned above, a violation of Section 206(a) occurs when an employee is paid at a rate that is below the federal minimum wage of $7.25. 29 U.S.C. § 206(a). Applying this standard to the wages Plaintiff and Rowe were paid for the hours worked results in the conclusion that no violation of section 206(a) has been established. There is no evidence that Plaintiff and Rowe were paid a wage below the minimum wage and, therefore, Defendant is entitled to summary judgment as a matter of law.

Moreover, the Court should not permit Plaintiff to circumvent the basic requirements of his claim in his efforts to conditionally certify a putative class that he nor Rowe have any standing to represent. *See Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (*quoting Lentz v. Spanky's Rest. II, Inc.,* 491 F.Supp.2d 663, 669 (N.D. Tex.2007)) ("[E]mployers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense[ ]."). Allowing Mr. Redus to be the lead plaintiff of a case for which neither he nor Mr. Rowe suffered any injury would conflate the principles of standing in a manner that is constitutionally suspect.

Furthermore, to the extent Plaintiff claims he does not know his expenses, Plaintiff cannot plausibly allege, based on information he does not know, that Defendant failed to reasonably approximate the reimbursement rate such that their wages fell below the applicable federal and state minimums. *See Wass,* 688 F.Supp.2d at 1289 (requiring a higher degree of specificity of pleading under the FLSA for claims that the wage rate should be reduced because of expenses that were not sufficiently reimbursed.). Defendant has presented evidence that highlights Plaintiff's flawed perception concerning the impact of its reimbursement rate on his

total wages. Without more evidence contradicting any "real" injury, the Plaintiff's claims against Defendant, along with Mr. Rowe's allegations, should be dismissed.

## V.     CONCLUSION AND PRAYER

For the reasons stated above, Plaintiff has not, and cannot bring forth sufficient competent evidence to create an issue of material fact as to whether Defendant provided, and Plaintiff received reimbursement for his automobile expenses, that caused his wages to dip below the federal minimum wage.

Therefore, Defendant respectfully prays that the Court grant its Motion for Summary Judgment, enter a final judgment dismissing Plaintiff's claim, and grant Defendant all such other and further relief to which it may be entitled.

.                                                         Respectfully submitted,

By: */s/ Sonja J. McGill*
    Jay M. Wallace
    Texas Bar No. 20769200
    jwallace@bellnunnally.com
    Sonja J. McGill
    Texas Bar No. 24007648
    smcgill@bellnunnally.com
    R. Heath Cheek
    State Bar No. 24053141
    hcheek@bellnunnally.com
    Anthony J. Bégon
    State Bar No. 24092109
    abegon@bellnunnally.com

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Ave., Suite 1400
Dallas, TX  75204-2429
Tel: 214/740-1400
Fax: 214/740-1499

**ATTORNEYS FOR DEFENDANT**
**CSPH, INC. D/B/A DOMINO'S PIZZA**

## **CERTIFICATE OF SERVICE**

I certify that on December 20, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Derek Braziel
J. Forester
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

                                           */s/ Sonja J. McGill*
                                           Sonja J. McGill

3003504_2.docx / 8259.4