**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:15-cv-2364-M |
| **CSPH, INC. d/b/a Domino's Pizza.,** | § § | Jury Demanded |
| *Defendant.* | § § | |

**DEFENDANT CSPH, INC.'S MOTION FOR PROTECTIVE ORDER
AND BRIEF IN SUPPORT**

Defendant CSPH, Inc., d/b/a Domino's Pizza ("Defendant" or "CSPH") files this Motion for Protective Order, and would show the Court as follows: :

### I.  INTRODUCTION AND SUMMARY

**1.** The legal profession provides specific guidelines which restrict the way in which lawyers and law firms communicate with prospective clients. Collective actions legislatively authorized by the Fair Labor Standards Act ("FLSA") add another layer of limitations in the ability for plaintiffs' attorneys to communicate with prospective clients, due to the Court's inherent power to authorize any notice for conditional certification and its contents that are ultimately sent to putative class members. The FLSA's guidelines, by legislative mandate, are designed to safeguard the integrity of the judicial process and provide a fair and balanced system to prosecute and defend suits involving a class of individuals.

**2.** Unfortunately, the Plaintiff John Michael Redus ("Plaintiff" or "Mr. Redus") has brought a meritless action against CSPH alleging violations of how it fails to meet the threshold for ensuring its tipped employees are paid the federal minimum wage. In apparent recognition of fatal pleading deficiencies that cannot be cured, after some 15 months have elapsed and there is a

pending motion for summary judgment filed by CSPH, the Plaintiff has attempted to unilaterally usurp this Court's power to authorize if, how and when any notice is given to prospective class members by emailing solicitations to current CSPH delivery drivers as late as January 3, 2017. The Plaintiff should not be allowed to circumvent the judicial process in place to obtain conditional certification by disseminating email solicitations to prospective clients prematurely. Accordingly, CSPH requests that the Court grant its Motion for a Protective Order, thereby limiting any communicating with and soliciting to prospective party plaintiffs unless and until permitted by the Court to do so following a ruling on the merits of his Motion for Notice to Potential Plaintiffs and for Conditional Certification ("the Motion") filed on November 30, 2016.

## II.    FACTUAL BACKGROUND

3.      On July 20, 2015, Plaintiff filed suit against Defendant under the FLSA, alleging that, "Defendant's policy and practice is to fail to reimburse its delivery drivers for automobile costs, maintenance, and other job-related expenses, resulting in the delivery drivers being paid less than the federal minimum wage."[1]

4.      After filing suit, the Plaintiff spent over a year trying to find another plaintiff to join the suit, presumably to transform it into a collective action. Over a year after filing suit, Plaintiff's counsel provided a Notice of Consent to Be a Party Plaintiff by Russell Rowe ("Rowe") seeking to join the lawsuit as a Plaintiff.[2]

5.      Over the past fifteen months, the Parties conducted discovery including Interrogatories and Requests for Production served by Plaintiff.[3] Specifically, Plaintiff requested and received, among other things, Defendant's payroll records, time sheets, time cards, employee

---

[1] Pl.'s Complaint at ¶ 1 [Docket 1] (filed July 20, 2015).
[2] Notice of Consent [Docket 15-1] (filed August 15, 2016).
[3] *See* Appendix to Defendant's Motion for Summary Judgment [Docket 24] App. 157-173.

work schedules, employee handbook, and other information demonstrating the pay structure and job duties of Domino's delivery drivers.[4]

6.  Close to a year and a half after filing suit, Plaintiff filed his Motion for Notice to Potential Plaintiffs and for Conditional Certification pursuant to the collective action provisions of the FLSA, alleging that it is "undisputed that Defendant subjects it Delivery Drivers to the same pay, policies and procedures."[5]

7.  Attached as Exhibit A to the Motion for Notice is a proposed notice to be sent to putative class members (the "Proposed Notice"). The Proposed Notice seeks potential class members that worked for Defendant between November 2013 and the present.[6]

8.  On December 20, 2016, Defendant filed its Response to Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification[7] and its Motion for Summary Judgment.[8]  To date, the Court has not ruled on either pleading.

9.  On January 3, 2017, the Plaintiff's counsel sent an unsolicited email to Megan Glass, a current employee of Defendant, titled "UNPAID WAGE INVESTIGATION FOR DOMINOE'S DELVIERY DRIVERS."[9] The email states that the Plaintiff needs help to confirm whether Plaintiff's understanding of the pay structure of Dominos delivery drivers is correct and whether it broadly applies to other delivery drivers, or instead, was a limited practice.[10]   The email also that requests that Ms. Glass participate in a phone call to answer questions relating to her pay and job duties to confirm the scope of these practices.[11]

---

[4] *Id.* at 166.
[5] [Docket 20, at 6] (filed November 30, 2016).
[6] *See* Notice of Motion [Docket 20], Exhibit A.
[7] [Docket 22].
[8] [Docket 22].
[9] App. 001-003.
[10] *Id.*
[11] *Id.*

**10.** On the January 4, 2017, CSPH's counsel delivered a cease and desist letter to the Plaintiff's counsel, requesting that they immediately discontinue any and all communication with current CSPH employees, who might be included in the putative class until this Court rules on the Motion for Notice, because it is improper to solicit potential clients for class certification prior to the Court's decision on either his Motion or any Proposed Notice approved thereafter.

### III.   ARGUMENT AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 26(C)(1), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.[12] The Court has broad discretion in determining whether to grant a motion for a protective order.[13] Defendant moves the Court for protection to prevent any solicitation of putative class members prior to the Court's decision on his Motion. Indeed, counsel for Plaintiff is actively soliciting current CSPH delivery drivers to join in the current meritless action against CSPH for alleged minimum wage violations under the Fair Labor Standards Act ("FLSA"). Here, good cause exists to protect CSPH from the Plaintiff's abuse of the judicial process for at least <u>three</u> reasons.

<u>First</u>, the Plaintiff's solicitation of current CSPH delivery drivers preempts the Court's decision on whether notice should be given to purported putative class members. The sole purpose of the Motion is to obtain authorization from the Court to disseminate a Court approved Section 216(b) notice to similarly situated potential class members. This determination must come from the Court's evaluation of the proposed plan for contacting potential plaintiffs, as a well as the Proposed Notice and consent forms, rather than a unilateral decision by the Plaintiff.[14]

---

[12] FED. R. CIV. P. 26(C)(1).
[13] *Pauls v. The Prudential Ins. Co. of Am.*, 3:16-CV-2116-M-BN, 2016 WL 6397564, at *3 (N.D. Tex. Oct. 28, 2016).
[14] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

After reviewing the Plaintiff's Proposed Notice and the January 3, 2017 email solicitation delivered to one of CSPH's current employees, it is obvious that they contain the same substantive information.[15] The Plaintiff's attempt to disguise the January 3, 2017 email solicitation as an "investigation" is a poor attempt to circumvent the judicial process and the Court's authority to authorize or deny any notice to putative class members.  The Plaintiff should not be permitted to usurp the Court's authority by disseminating unapproved, solicitation emails to CSPH delivery drivers to recruit more plaintiffs, while his Motion is pending before the Court, especially when it remains the Court's prerogative to determine the appropriate method for dissemination.  In doing so, the Plaintiff has put CSPH at a disadvantage to defend itself against his meritless claims by potentially predetermining the scope of the class he has asked this Court to define.

Moreover, the Plaintiff's counsel should not be permitted to recruit other plaintiffs without proper approval from the Court because the Plaintiff has failed to allege a valid FLSA claim.  Indeed, the timing of the January 3, 2017 email solicitation is particularly telling in that after 15 months of discovery, he chose to solicit CSPH's employees after it filed its December 20, 2016 Response to his Motion and an accompanying Motion for Summary Judgment, in which it argues the Plaintiff was never paid below the federal minimum wage during his tenure.[16]

<u>Second</u>, counsel for Plaintiff ignores the guidelines governing communications with a prospective client.  Section 7.03(a) of the Texas Disciplinary Rules of Professional Conduct specifically prohibits email communication "concerning a matter arising out of a particular

---

[15] App. 001-003; Notice of Motion [Docket 20], Exhibit A.
[16] In fact, CSPH presented evidence that it paid the difference for two pay periods in which the Plaintiff's tips did not reach the federal minimum wage threshold.  *See* Appendix to Defendant's Motion for Summary Judgment [Docket 24], App. 004.  Mr. Redus's pay records also include information showing that CSPH paid him well above the minimum wage for those pay periods during which he worked as a shift manager, not a delivery driver. *Id.* at 004-005.

occurrence or event, or series of occurrences or events, from a prospective client or non-client who has not sought the lawyer's advice regarding employment . . . when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain."[17] Moreover, section 7.05(a)(3) prohibits electronic communication to a prospective client for the purpose of obtaining professional employment on behalf of any lawyer if the communication contains false or misleading statements.[18]

In the Plaintiff's Proposed Notice, he asks the Court's authorization to solicit individuals who worked for CSPH as a Delivery driver from November 2013 to the present.[19] Obviously the current CSPH delivery driver contacted by counsel for Plaintiff is a prospective client.  Upon information and belief, Ms. Glass has never sought advice or counsel regarding the instant lawsuit from the Plaintiff's counsel or any other lawyer, thereby making the January 3, 2017 email solicitation a clear violation of section 7.03(a).  Furthermore, the January 3, 2017 email solicitation is misleading the prospective clients, like Ms. Glass, into believe the purpose of the communication is for an investigation "that will allow [the Plaintiff] to assess the validity and scope of the ongoing lawsuit."[20] It is incomprehensible that after fifteen months of discovery, counsel for Plaintiff is contacting Ms. Glass for an "investigation" to assess the validity of the Plaintiff's claims.  For example, the email requests Ms. Glass's "help to confirm whether [its] client's understanding of the pay structure is correct and whether it broadly applied to other delivery drivers, or instead was a limited practice." *Id*. This is precisely the information the Plaintiff sought and received through written discovery from the Defendant, but more importantly, this information should have been provided to the Court in his November 30, 2016

---

[17] TX. ST. RPC R. 7.03(a).
[18] TX. ST. RPC R. 7.05(a)(3).
[19] Notice of Motion [Docket 20], Exhibit A.
[20] App. 001-003.

Motion. At the very least, the January 3, 2017 email solicitation demonstrates that the Plaintiff has failed to meet his burden to provide evidence that other individuals are similarly situated.[21]

<u>Third</u>, counsel for Plaintiff completely disregards the guidelines for disseminating electronic communications to prospective clients. Pursuant to section 7.05(b) of the Texas Disciplinary Rules of Professional Conduct, electronic communication an attorney to a prospective client for the purposes of obtaining professional employment must contain in the subject line of the email "ADVERTISEMENT" and the subject line shall NOT reveal the nature of the legal problem of the prospective client or non-client.[22] The January 3, 2017 email solicitation subject line "UPAID WAGE INVESTIGATION FOR DOMINO'S DELIVERY DRIVERS" clearly omits the required word "ADVERTISEMENT" and discloses an exact "legal problem" of the potential client, thus violating section 7.03.

There is no reasonable explanation as to why the Plaintiff's counsel is communicating with current CSPH delivery drivers, other than to recruit new or additional party plaintiffs prior to the Court's decision on the Plaintiff's Motion. That conduct clearly violates the judicial process as legislatively defined by the FLSA. The Plaintiff should not be permitted to usurp this Court's authority by preempting its decision concerning conditional certification, and if so, the method, form and means for issuing any Notice. Moreover, the Plaintiff's counsel should not be permitted to violate the Texas Disciplinary Rules of Professional Conduct in a manner that attempts to give his client an unfair advantage and further limit CSPH's ability to defend this meritless action.

## IV.   CONCLUSION AND PRAYER

WHEREFORE, Defendant CSPH, Inc., d/b/a Domino's Pizza, files this its Motion for a

---

[21] *See* Notice of Motion [Docket 20] at 3.
[22] TX. ST. RPC R. 7.03(b)(2) and (4).

Protective Order to prevent the Plaintiff from undermining the Court's prerogative, as defined by the FLSA's legislative proscriptions, to determine whether his November 30, 2016 Motion for Notice to Potential Plaintiffs and for Certification should be granted, and the form, method, and means for issuing any such Notice. CSPH further requests an order preventing the Plaintiff from seeking putative class members unless and until the Court makes a ruling on his November 30, 2016 Motion. Finally, CSPH requests any such further and other relief at law or in equity to which it may be justly entitled.

Respectfully submitted,

By: */s/ Sonja J. McGill*
   Jay M. Wallace
   Texas Bar No. 20769200
   jwallace@bellnunnally.com
   Sonja J. McGill
   Texas Bar No. 24007648
   smcgill@bellnunnally.com
   R. Heath Cheek
   State Bar No. 24053141
   hcheek@bellnunnally.com
   Anthony J. Bégon
   State Bar No. 24092109
   abegon@bellnunnally.com

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Ave., Suite 1400
Dallas, TX  75204-2429
Tel: 214/740-1400
Fax: 214/740-1499

**ATTORNEYS FOR DEFENDANT
CSPH, INC. D/B/A DOMINO'S PIZZA**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 4, 2017, I conferred with J. Derek Braziel, counsel for Plaintiff, concerning the relief sought in this Motion, and seeking his position concerning its contents. After receiving no response, I presume the Plaintiff is opposed to this Motion, and present this Motion for the Court's resolution as opposed.

*/s/ Jay M. Wallace*
Jay M. Wallace

**CERTIFICATE OF SERVICE**

I certify that on January 13, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Derek Braziel
J. Forester
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

*/s/ Sonja J. McGill*
Sonja J. McGill