## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN MICHAEL REDUS, on behalf of** | § | |
| **himself and others similarly-situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-cv-2364** |
| | § | |
| **CSPH, INC. d/b/a Domino's Pizza** | § | |
| | § | |
| **Defendant.** | § | **Jury Demanded** |
| | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS FIRST STAGE MOTION FOR CONDITIONAL CERTIFICATION AND FOR NOTICE TO POTENTIAL PLAINTIFFS

### I.   SUMMARY

This matter is before the Court on Plaintiff's first stage motion for conditional certification and request that this Court adopt a procedural device[1] that has consistently been used to notify opt-in classes of pizza delivery drivers in FLSA collective actions just like this one.[2]  The Motion is supported by similar allegations and preliminary evidence that courts, including in this District, have repeatedly found warrants the preliminary relief requested.[3]  Even at this stage and based on the limited record before the Court, Named Plaintiff John Michael Redus and Early Opt-In Plaintiff

---

[1] Dkt. #20 (Plaintiff's "Motion").  In Response, Defendant cites the Court to a number of circumstances wholly irrelevant to this case.  For example, Defendant directs the Court to the *Genesis Healthcare Corp.* decision but an offer of judgment has not been made.  Defendant similarly relies on the *Dixon* and *Beer* decisions, but Defendant has not moved to compel arbitration.  The citation to *Crawford* is less confusing as Defendant has already moved for summary judgment at this preliminary stage; however, Plaintiff has responded this merits-based motion separately.

[2] *See e.g.*, *Luiken v. Domino's Pizza, LLC.*, No. 09–516, 2010 WL 2545875, at *3 (D. Minn. June 21, 2010)(certifying class of Domino's delivery drivers who worked from 2006-2010); *see also*, *Darrow v. WKRP Mgmt., LLC*, No. 09-CV-01613-CMA-BNB, 2012 WL 638119, at *2–8 (D. Colo. Feb. 28, 2012)(collecting cases certifying FLSA opt-in classes of pizza delivery drivers).

[3] *Bass v. PJComn Acquisition Corp.*, No. 09-CV-01614-REB-MEH, 2010 WL 3720217 (D. Colo. Sept. 15, 2010)(certifying FLSA class based on declarations of initial two plaintiffs); *Lawton, et al. v. Arc Pressure Data, Inc., et al.*, Case No. 3:15-cv-01279-N (N.D. Tex., Dkt. #35, March 29, 2016)(Godbey, J., certifying matter handled by Plaintiff counsel over many of the same objections raised by Defendant and Defense counsel)(hereinafter, "*Lawton*").

Russell Rowe[4] have satisfied their lenient burden to show they were subject to similar pay practices as each other and the proposed class limited to Defendant's other pizza delivery drivers.

Defendant's "Response" does not attach a single piece of evidence designed to contradict Plaintiffs' common and corroborated allegations. Rather, Defendant's Response leans heavily on Defendant's prematurely-filed motion for summary judgment, which Plaintiff has already responded to and has been addressed by Plaintiffs' First Amended Complaint.[5]   Otherwise, Defendant seeks to distort the state of the record and law in an effort to trick the Court into reaching a unique conclusion for these Plaintiffs.   As of the filing of this Motion, the Parties had complied with their Agreement and this Court's Order bifurcating this matter into two distinct stages.[6]   Based on Defendant's Response and its recently-filed motion for summary judgment, it is clear that Defendant now seeks to skip the first conditional stage and proceed directly to the second, merits-based stage.   However, the Parties have only exchanged one set of written discovery,[7] have conducted no depositions, and much discovery remains before the Court may conduct the heightened, merits-based review required by the Response. That the Parties mutually agreed to accommodate each other's personal and professional schedules[8] does not compel a unique result for this group of delivery drivers limited to a single, local franchisee.

Rather than the mere passage of time or because a defendant decides to prematurely file a motion for summary judgment, the law is clear that second stage, merits-based standards do not apply to this first stage motion.   For example, Defendant's same request that the Court apply a

---

[4] (Collectively, "Plaintiffs").
[5] *See* Dkt. #29, Plaintiffs' Response to Defendant's premature motion for summary judgment; Dkt. #28, Plaintiffs' First Amended Complaint; *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012)(Boyle, J.)(granting first stage motion for conditional certification in light of declarations and first amended complaint, which cured deficiencies alleged by motion to dismiss).
[6] *See* Dkts. 11-12 (where the Parties and Court explicitly limited this first stage to conditional certification issues).
[7] *See* Dkt. #24 at 157-185.
[8] *See* Dkts. 13, 18 (where the Parties jointly requested the Court to extend this matter's first stage deadlines) *contra* Defendant's attempts to use the length of time that this matter has been on file as a basis to prejudice Plaintiffs.

heightened standard was rejected in *Perrin v. Papa John's Int'l, Inc.* where the court explained

> Papa John's asserts that sufficient discovery preceded the filing of the motion for conditional class certification to justify application of the more rigorous second level of scrutiny. The Court does not agree. It appears that no more than preliminary written discovery and the taking of a few depositions preceded the filing of this motion.[9]

Similarly, Defendant's invitation to evaluate the merits during the first stage was also rejected in another case certifying a class of pizza delivery drivers, *Darrow v. WKRP Mgmt., LLC*, where the court held that "at this stage, the Court must determine only whether the delivery drivers are similarly situated, not whether Plaintiffs' FLSA claim has merit."[10]

This District recently rejected many of the very same arguments presented by Defendant in *Lawton, et al. v. Arc Pressure Data, Inc., et al.,* Case No. 3:15-cv-01279-N (N.D. Tex., Dkt. #35, March 29, 2016)(Godbey, J.)(hereinafter, "*Lawton*"). The Motion should be granted.

## II.   COURTS REGULARLY CERTIFY FLSA OPT-IN CLASSES OF PIZZA DELIVERY DRIVERS & DEFENDANT DOES NOT COMPEL A UNIQUE RESULT

Courts regularly certify classes of pizza delivery drivers based on the same allegations presented here: that Defendant's reimbursement policy results in a failure to satisfy the minimum wage requirements of the FLSA (e.g., nominal wage rates – unreimbursed vehicle costs = sub-minimum net wages).[11] "[A]t this stage, courts generally look only at whether plaintiffs demonstrate a reasonable basis for the allegation that a class of similarly situated persons exists" and "reserves a similarly-situated demonstration until the second step."   *See Lawton,* at 8 (Godbey, J.)(internal citations omitted).   And, this Court has repeatedly held that "[t]he court may only foreclose the

---

[9] No. 4:09CV01335 AGF, 2011 WL 4089251, at *3–6 (E.D. Mo. Sept. 14, 2011).

[10] No. 09-CV-01613-CMA-BNB, 2012 WL 638119, at *2–8 (D. Colo. Feb. 28, 2012).   Plaintiffs do not concede whatsoever that their claims are not meritorious, however. Defendant has already placed these merits issues before the Court with a prematurely filed motion for summary judgment.   Plaintiffs have responded to that motion and refer the Court to that briefing for consideration of merits-based concerns.

[11] *See generally*, Dkt. 28, Plaintiffs' First Amended Complaint; Dkt. #29, Plaintiffs' Response to Defendant's motion for summary judgment; *Bass*, 2010 WL 3720217; *Darrow*, 2012 WL 638119, at *2–8 (collecting cases).

plaintiffs' right to proceed collectively if the action relates to circumstances personal to each plaintiff rather than any generally applicable policy or practice." *See e.g, McDonald v. WorldPac, Inc.*, Civil Action No. 3:13-CV-4964-K, Dkt. #55 at 8, (N.D. Tex.) (Kinkeade, J.).

## A.   First Stage Standards Apply To Plaintiff's Timely-Filed First Stage Motion.

Defendant does not contest that the prevailing approach[12] in FLSA collective actions is to bifurcate the case in two-stages and Defendant even jointly requested the Court enter a two-phased scheduling order that the Parties complied with up until Defendant filed its premature motion for summary judgment. Defendant's Response to this Motion also requires the Court to apply second stage standards, though this District recently rejected the same premature request in a matter handled by Plaintiffs' counsel explaining that "[t]he fact that some discovery has been conducted does not increase the plaintiffs' burden at this first conditional certification stage to the more onerous standard that applies at the second, decertification stage." *Reyes et al. v. Glow Networks, Inc.*, Case No. 3:15-CV-2915-N (N.D. Tex.)(Godbey, J.)(Dkt. #40).[13]   Instead of when *some* discovery has occurred or one party grows tired of the first stage, the Fifth Circuit has already ruled on when second-stage decertification standards apply:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed <u>after discovery is largely *complete*</u> and the <u>matter is ready for trial</u>.   At this stage, <u>the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question</u>.

*Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (emphasis added).

Defendant points the Court to a minority of courts who have discussed a "heightened" standard of first stage review.   For example, Defendant relies on the *Valcho*[14] decision from this

---

[12] *See e.g., Lawton,* at 5.
[13] *See also Lawton*, fn. 5 (same); *McDonald v. WorldPac, Inc.*, Civil Action No. 3:13-CV-4964-K, Dkt. #55 at 8, (N.D. Tex. Sep. 8, 2015)(declining to apply heightened standard in analogous circumstances);
[14] *Valcho v. Dall. Cnty. Hosp. Dist.,* 574 F.Supp.2d 618, 622 (N.D. Tex. 2008). Rather than the result of heightened, factually intensive review, that decision is predicated on Valcho's failure to show there was anyone else who desired to opt into the case beyond the named plaintiff.

District where the court discussed a "heightened" standard but declined to formally apply the second stage standards cited by Defendant.[15] Defendant also directs the Court to several decisions from the Southern District of Texas in support of its novel position; however in each of those cases, discovery was either complete, as was the case in *Barnes*,[16] or clearly more developed than here, as was the case in *Blake*[17] and *Nieddu*[18] where both Parties had already engaged in depositions and offered an extensive and cross-examined record. Even where courts have determined that cases are in a "middle stage of discovery," they have applied a lenient standard. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802-03 (S.D. Tex. 2010) (Rosenthal, J.).

## B.  Notice Is Warranted To This FLSA Opt-In Class Of Delivery Drivers.

An FLSA class determination is appropriate when there is a demonstrated similarity among the individual situations and some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice. *Aguilar v. Complete Landsculptures, Inc.,* 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.). Plaintiffs' evidence in support of the relief requested is uncontested.  Regardless of the standard applied, Plaintiffs have met their burden.

### 1.  The Plaintiffs & Potential Plaintiffs Have Demonstrated That They Are Similarly Situated.

"To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions.  **The positions need not be identical, but similar**." *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL

---

[15] *See Valcho*, 574 F. Supp. at 622.
[16] *v. Abandonment Consulting Servs., L.L.C.*, No. 4:12-CV-01399, 2013 WL 3884198, at *5 (S.D. Tex. July 26, 2013), *report and recommendation adopted sub nom. Barnes v. Abandonment Consulting Servs., LLC*, No. 12-CV-1399, 2013 WL 12101069 (S.D. Tex. Aug. 12, 2013).
[17] *Blake v. Hewlett–Packard*, 2013 WL 3753965, at *4–6 (S.D. Tex. July 11, 2013).
[18] *v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 691 (S.D. Tex. 2013)(Harmon, J.).

1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.).[19] All putative collective action class members worked as Defendant's delivery drivers.[20] In this capacity, the primary duty of Named Plaintiff John Michael Redus and Early Opt-In Plaintiff Russell Rowe was similarly to "deliver pizzas and other food items to Domino's customers' homes or workplaces."[21]  And, Plaintiffs seek to represent a class limited to pizza delivery drivers employed by Defendant CSPH, Inc.  Regardless of precise location served, class members performed similar duties.

Plaintiffs also consistently explain that they were subject to similar reimbursement practices.[22]  Plaintiffs need not prove their similarity at this first stage, just demonstrate some evidence of it.[23] Ultimately, Defendant's own evidence demonstrates that as employees of CSPH, Inc., Plaintiffs were subject to uniform reimbursement policies, methods and procedures enforced franchise-wide resulting in the alleged violations.[24]  For example, Defendant's premature motion for summary judgment is supported by evidence showing that Defendant's companywide policy was to pay its delivery drivers pursuant to the same tip differential practice that would cap drivers' pay at \$7.25/hour during applicable weeks.[25]  The Plaintiffs each explain that they were subject to a reimbursement policy that was inadequate to cover their actual expenses incurred[26] and the declaration of Defendant's human resources officer, Joy Wilson, corroborates that both Redus and

---

[19] (emphasis added) (internal quotation marks and brackets omitted).
[20] See, Motion, Dkt. 20, Exhibits F-G, ¶ 1.
[21] See, Motion, Dkt. 20, Exhibits F-G, ¶ 2; see also, Motion Exhibit C, (the single job description produced by Defendant which further corroborates delivery drivers' duties or corporate practices do not depend on location).
[22] See, Motion, Dkt. 20, Exhibits F-G, ¶¶ 3-4; see also, Exhibit D at 20 (requirement that employees wear Domino's gear applied in **all stores);** Exhibits E at  11, 68; H; I (corroborating that Defendant's delivery drivers are required to cover motor vehicle insurance, uniform, and other costs as a condition of employment).
[23] See e.g., Aguilar v. Complete Landscultures, Inc., 2004 WL 2293842, at *2 (N.D. Tex. 2004)(Fitzwater, J.).
[24] See generally, Motion, Dkt. 20, Exhibits D (CSPH Inc. Handbook); see also, Exhibit E at 53 Training Guide (That these procedures must be followed).
[25] See Dkt. # 24, at 17 & 105 which are Defendants' form document showing that all delivery drivers receive exactly \$7.25 per hour including cash wages and tip credit, regardless of location served, when their earned tips do not bring the driver to at least minimum wage rates.
[26] See, Motion, Dkt. 20, Exhibits F, G ¶¶ 3-4.

Rowe were subject to the exact same per run reimbursement rate.[27]  As more fully set forth in

Plaintiffs' response to Defendant's premature motion for summary judgment and First Amended

Complaint, the consequence of this companywide pay scheme is that Plaintiffs received net wages

that fell below minimum wage rates.  Defendant's Director of Operations, Parry Zielinski, explains

that Defendant's pay practices did not turn on purely individualized considerations or storewide

considerations but were a product of broader, companywide considerations, like the price of gas.[28]

Defendant does not contest that, as delivery drivers, the Plaintiffs and Potential Plaintiffs

each performed the same primary duties and were subject to similar conditions.  Rather, Defendant

seeks to impose standards that courts have repeatedly rejected at this preliminary stage[29] and relies

on a list of theorized dissimilarities or deficiencies.[30] However, Defendant fails to provide any

evidence to contest Plaintiffs' consistent and sufficient allegations. Even if Defendant provided

competing evidence, courts may not weigh competing evidence at this first stage.[31]

Even where a pizza defendant has presented evidence corroborating alleged dissimilarities,

courts have certified analogous classes.  For example, in *Wass v. NPC Int'l, Inc.*,[32] the defendant

alleged that it had "used six different reimbursement plans; that the reimbursement figures used for

each such plan vary for each state, to account for regional cost differences; and that those figures

are updated periodically to account for changes in costs, particularly with respect to gasoline."  The

---

[27] Dkt. 24, Appendix in support of Defendant's motion for summary judgment at 5, 9 (Joy Wilson declaration ¶¶ 16, 27).

[28] *See* 24 at 153 (Explaining at ¶8 that the reimbursement rates changed due to an increase in gas prices).

[29] In addition to the request for a heightened standard, Defendant suggests in the Response at 10 that Plaintiff must "prove" that other delivery drivers desire to join this matter but, as set forth in ¶ II B 2, there is no such requirement and Named Plaintiff Redus has already been joined by Early Opt-In Plaintiff Russell Rowe.  Similarly, Defendant suggests in the Response at 8 that Plaintiff is required to show "intentional and widespread FLSA non-compliance;" however, imposing this requirement would render the FLSA's notice provisions meaningless as notice could only come after discovery had been completed, would require a merits-based inquiry, and likely after many potential plaintiffs' statutory periods of recovery would have expired.

[30] *See* Response at 10.

[31] *See, e.g., Moore v. Performance Pressure Pumping Servs., LLC,* 2015 U.S. Dist. LEXIS 184035, *7 (W.D. Tex. Aug. 24, 2015); *Lay v. Gold's Gym Int'l., Inc.*, 2013 U.S. Dist. LEXIS 144264, *18 (W.D. Tex. Oct. 4, 2013).

[32] No. 09-2254-JWL, 2011 WL 1118774, at *1–13 (D. Kan. Mar. 28, 2011).

court rejected these concerns at the first stage and explained that "to the extent that the underlying method and assumptions are faulty (as plaintiffs allege), the amount of under-reimbursement would remain fairly constant across the country and over time."  The court also found that instead of at the first stage, the alleged variations may be addressed "as necessary at the final certification stage." Similarly, in *Perrin*, the court explained, "That the reimbursement methodology Papa John's used might vary over time and from location to location, does not mean that the named Plaintiff and the putative class members are not similarly situated."[33]

In *Lawton*, Judge Godbey explained, "a request to conditionally certify a statewide class based on a policy instituted by a manager at a single location likely would fail to meet the first step. But when, as here, plaintiffs bring a factually-supported FLSA action crafted in proportion to the policy's reach, courts reserve a more searching examination for the second step."[34]

It is only at "the second stage the district court conducts a fact-intensive inquiry of several factors, including (1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations[.]"[35]   Accordingly, "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage."[36]  Courts logically defer the "factual determination" on the propriety of the class until the second step - *after* fact discovery and upon a defendant's motion for decertification.[37]  Even courts doubtful of the ultimate viability of a collective action allow them to proceed collectively.[38]

---

[33] No. 4:09CV01335 AGF, 2011 WL 4089251, at *3–6 (E.D. Mo. Sept. 14, 2011).
[34] *Lawton*, fn. 8 (Godbey, J.).
[35] *Theissen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *accord, Mooney*, 54 F.3d at 1214.
[36] *Scott v. Heartland Home Finance, Inc*., 2006 WL 1209813 (N.D. Ga. May 03, 2006).
[37] *Johnson v. TGF Precision Haircutters, Inc*., 319 F. Supp. 2d 753, 755 (S.D. Tex. 2004).
[38] *Chase v. AIMCO*, 374 F. Supp.2d 196, 201 (D.D.C. 2005)(granting opt-in conditional certification, but denying opt-out Rule 23 certification) ("Even if a collective action is not ultimately certified, the process of allowing individual

Plaintiffs allege they are owed wages as a consequence of Defendant's companywide reimbursement practices and not as a result of any condition of employment unique to themselves, their manager or a specific store.[39]  Named Plaintiff Redus worked at Store 6386[40] as well as Store 6806.  Defendant has not even suggested that the reimbursement practices at issue were the result of a single manager or specific store's policy but arbitrarily seeks to limit notice to a single store. Plaintiffs are entitled to advance their claims collectively as it is in the interest of judicial economy, neither stage of the similarly situated analysis requires individuals to be identical, and the litany of alleged distinctions presented in Defendant's Response[41] are best reserved for the second phase analysis, after the Parties have completed discovery, had the opportunity to cross-examine the initial record, and when properly presented through a second stage motion for decertification.

## 2.   Potential Opt-In Plaintiffs Require Notice.

Defendant tries to minimize the significance of its companywide practices by alleging that Plaintiffs have failed to "prove" that other pizza delivery drivers desire to opt-in to this matter.[42] However and unlike in opt-out, Rule 23 class actions, there is not a statutory numerosity requirement in opt-in, FLSA classes and courts in this District have declined to supplant Congressional intent and impose this extra requirement. As Judge Kinkeade explained, Defendant's concern is "putting the cart before the horse."[43] This District has also rejected the notion that *de facto* notice is sufficient

---

AIMCO workers to lodge their claims in a forum where they can be recognized, evaluated, and possibly settled, is consistent with the policy choice Congress made when it created the FLSA right of action.").

[39] *See* Motion, Dkt. 20, Exhibits F-G, ¶ 5; *Barnett*, 2002 WL 1023161 (Lynn, J.) (conditionally certifying companywide class of loan officers). Plaintiff declarations.

[40] *See* Dkt. 24 at 89-90 (Redus' pay records for time worked at Store 6386).

[41] *See e.g.*, Response at page 10. When presented with this type of argumentation, one court explained that "[o]n defendant's logic, no group of opt-in plaintiffs would ever be 'similarly situated' unless they were clones of one another, working in completely identical stores, in identical neighborhoods, with identical clientele." *Damassia v. Duane Reade, Inc.*, No. 04 Civ 8819, 2006 WL 2853971, at *6 (S.D.N.Y. Oct. 5, 2006).

[42] Response at 10. However, when Plaintiffs tried to investigate the extent of Defendant's practices and following these representations made in Defendant's Response, Defendant moved for a protective order. *See* Dkts. # 33-34.

[43] *Black v. SettlePou, P.C.,* 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011); *see also*, *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011) (where Plaintiffs specifically identified just one potential plaintiff); *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010) (finding two declarations

in *Jones v. JGC Dallas LLC*[44] and many employees fear retaliation and do not come forward without Court-facilitated notice.[45]   Additionally, Plaintiffs explain that there may be hundreds of individuals eligible to join this matter based on their understanding that Defendant employed approximately ten drivers per store[46] and Defendant's Response acknowledges that Defendant operates "overt thirty restaurants in the Dallas/Fort Worth area."[47]   That Plaintiffs were formerly employed by Defendant and do not have contact information for Potential Plaintiffs is precisely why Plaintiffs now request this relief.

### C.   **Plaintiffs' Evidence Is Based On Personal Knowledge.**

Without formally moving to strike Plaintiffs' evidence (thereby waiving the right to do so), Defendant complains that Plaintiffs' evidence is "conclusory"[48] and generally insufficient. However, and without conceding that the evidence is deficient, objections that testimony at this first stage is "vague, conclusory, and lacks foundation" are also premature at this first stage.   *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 763 (N.D. Tex. 2013) (O'Connor, J.)(collecting cases finding that at this stage declarations must be based on personal knowledge but need not be in admissible form).[49] In the Fifth Circuit and as detailed by the Judge O'Connor in *Lee*, courts have found sufficient evidence of personal knowledge where:

(1) Declarants merely state that they have personal knowledge. *See e.g.*, *Black v. Settlepou, P.C.,* No. 3:10–cv–1418–K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011);

---

of similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt in); *Bass*, 2010 WL 3720217 (same).

[44] 2012 WL 6928101, at *4; *Behnken*, 997 F. Supp. 2d at 519-23 (N.D. Tex. 2014) Fitzwater, J.)(same).

[45] *Perez v. Guardian Equity Mgmt., LLC*, No. CIV.A. H-10-0196, 2011 WL 2672431, at *8 (S.D. Tex. July 7, 2011).

[46] *See*, Motion, Dkt. 20, Exhibits F-G, ¶ 6.

[47] Response at 2.

[48] Response at 1.

[49] *see also*, *Lawton*, at 3 (Godbey, J.)(a "declaration is admissible at the conditional-certification stage when the declarants has personal knowledge of the statements he or she makes.").

(2) The statements are based on personal observation. *United States v. Cantu,* 167 F.3d 198, 204 (5th Cir.1999); or

(3) The court could infer that the facts stated reasonably fall within the "sphere of responsibility" of the testifying employee. *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 530 (5th Cir.2005).[50]

The Plaintiffs' sworn statements satisfy the requisite knowledge requirement[51] and Defendant has failed to properly object to the evidence as presented.  Notice should issue.

### III.   CONCLUSION: NOTICE SHOULD ISSUE WITHOUT FURTHER DELAY

Defendant advances a slew of objections to Plaintiffs' proposed method and form of notice that have also been recently rejected in this District.  For example, in *Lawton* Judge Godbey approved a nearly identical notice and consent form as the forms presented by these Plaintiffs over similar objections. *See Lawton*, at 9.  And, even more recently, Judge Godbey authorized the production of email addresses and telephone numbers[52] and electronic notice in *Fulton v. Bayou Well Servs. LLC*, No. 3:16-CV-00474-N, 2016 WL 5377903, at *3 (N.D. Tex. Sept. 21, 2016)(Godbey, J.).[53]  In this case, Defendant's own handbook explains, "electronic communications such as e-mail, phone text messaging and voice mail have become vital to our business."[54]

Defendant does not present sufficient justification for this Court to depart from this recent precedent, nor limit notice to non-electronic means in 2017.  Defendant also does not provide

---

[50] *See also*, *Lee*, 980 F. Supp. 2d at 765 (N.D. Tex. 2013) (plaintiff's position as employee enabled her to gain knowledge of the "general employment conditions at Metrocare").

[51] *See generally*, Motion, Dkt. 20, Exhibits F-G; *Lee v. Metrocare Servs.*, 980 F. Supp. 2d at 763.

[52] *See also*, *Lee*, 980 F. Supp. 2d at 771 (O'Conner, J.)(also ordering production of email addresses and phone numbers).

[53] Courts throughout this Circuit regularly permit electronic notice. *See e.g.*, *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *8 (N.D. Tex. Nov. 29, 2012)(Ramirez, J.), *report and recommendation adopted*, No. 3:11-CV-2743-O, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)(O'Conner, J.); *McCarragher v. Ryland Group, Inc.*, 2012 WL 4857575, at *6 (S.D. Tex. Oct.11, 2012); *Beall v. Tyler Technologies, Inc.*, 2009 WL 3064689, at *1 (E.D. Tex. 2009); *Altier v. Worley Catastrophe Response, LLC*, 2012 WL 161824, at *27 (E.D. La. Jan.18, 2012).

[54] Exhibit D at 18. *See White v. Integrated Elec. Technologies, Inc.*, No. 12-359, 2013 WL 2903070 (E.D. La. June 13, 2013)(employees' use of technology in the workplace helped form basis of court's decision to permit electronic notice.).

alternative forms.[55] Because each day without notice may be a day's pay lost forever,[56] the Court should grant the Motion and allow notice to be issued without further delay.  However, if the Court is inclined to entertain Defendant's case-specific objections in ¶ III E 3 that have not already been rejected in this District, the Court should permit the Parties ten days to confer and present the Court with agreed notice and consent forms.[57]

"The remedial nature of the FLSA [and § 216 militate] strongly in favor of allowing cases to proceed collectively."[58]  For the reasons set forth in the Motion and this Reply, the Court should conditionally certify this matter and permit notice to be issued.

Respectfully submitted,

/s/ *Jay Forester*
**J. DEREK BRAZIEL**
Attorney-in-Charge
State Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400
(214) 749-1010 fax

and

**WEINHAUS & POTASHNICK**
Mark A. Potashnick, E.D. Mo. # 41315MO
(*pro hac vice* application forthcoming)
11500 Olive Boulevard., Suite 133
St. Louis, Missouri 63141
Telephone:     (314) 997-9150

---

[55] The general rule is that absent reasonable objections to plaintiff's proposed class notice, the plaintiff should be allowed to use the language of her choice in drafting the notice. *Vargas v. Richardson Trident Co.,* 2010 WL 730155, at *11 (S.D.Tex. Feb.22, 2010).

[56] *See* 29 U.S.C. § 216(b). Because "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" each day without notice may be a day's pay lost forever for individuals still requiring notice of their rights in this case.

[57] as this District allowed in *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 826 (N.D. Tex. 2007)(Fish, J.) (conditionally certifying matter handled by plaintiffs counsel.)

[58] *Pedigo v. 3003 South Lamar, LLP,* 666 F.Supp.2d 693, 698 (W.D.Tex. 2009); *Lee*, 980 F. Supp. 2d at 766-67.

Facsimile:      (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS AND ALL
SIMILARLY SITUATED INDIVIDUALS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the Court's CM/ECF system.

/s/ *Jay Forester*_____

J. FORESTER