UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:15-cv-2364-M |
| CSPH, INC. d/b/a Domino's Pizza., | § § | Jury Demanded |
| *Defendant.* | § | |

**DEFENDANT CSPH, INC'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
AND BRIEF IN SUPPORT**

TO THE HONORABLE CHIEF JUDGE BARBARA LYNN:

Defendant CSPH, Inc., d/b/a Domino's Pizza ("Defendant" or "CSPH") files this its Response to Plaintiff John Michael Redus's ("Plaintiff" or "Redus') Motion for Leave to File Amended Complaint and Brief in Support as follows:

## I.   INTRODUCTION

Mr. Redus filed his Motion for Leave to Amend the Original Complaint after the discovery period ended, and after CSPH filed its Motion for Summary Judgment, simultaneously with its Response to his Motion for Notice and Conditional Certification ("Motion for Conditional Certification"). Mr. Redus's proposed Amended Complaint would not simply correct alleged deficiencies he claimed the summary judgment motion revealed. Rather, he is endeavoring to escape accountability for his dilatory involvement in the discovery process. CSPH has a constitutional right to test Mr. Redus's claims that it illegally withheld income from him during his tenure. Mr. Redus should not be permitted to undermine that right simply by

filing an amended complaint when he had sufficient opportunity to do so earlier, and in a manner that would not have severely prejudiced CSPH's rights to defend itself.

## II. FACTUAL BACKGROUND

A. *The Court's December 31, 2015 Scheduling Order Defined the Length and Scope of Discovery*

Mr. Redus alleges he is seeking leave to amend his Original Complaint because CSPH's prematurely filed its Motion for Summary Judgment, which, according to him, pointed out some deficiencies in the Original Complaint that otherwise were easily "corrected" through consultation with his counsel.[1]  Mr. Redus also says the alleged deficiencies could be easily cured through additional discovery.  Maybe Mr. Redus overlooked the Court's December 31, 2015 Scheduling Order stating the following: "Limited discovery shall immediately proceed solely as to the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act."[2]  The Court ordered the Parties to engage in discovery on the issue of conditional certification for 120 days, with the discovery period ending, at the latest, upon the filing of the Plaintiff's Motion for Notice and Conditional Certification ("Motion for Conditional Certification") 180 days later.[3]  In fact, the Parties extended Mr. Redus's deadline to file his Motion for Conditional Certification twice, with the final deadline moved to November 30, 2016[4].  The Court approved that request, advising the Parties that no other extensions would be permitted absent good cause.[5]  As a consequence, the Parties had nine (9) months to engage in

---

[1] *See* Plaintiff's Motion for Leave to Amend the Complaint, p. 2.
[2] The Court's First Phase of Scheduling Order Regarding Bifurcated Discovery Order [Docket No. 12], dated December 31, 2015  p. 1.
[3] *Id.*, at 2.
[4] Joint Motion to Extend Collective Action Deadlines [Docket 18], dated September 26, 2016.
[5] Order Granting Joint Motion to Extend Class Certification Deadlines [Docket No. 19], dated September 26, 2016.

the "limited discovery" envisioned by the Court—which officially ended with the filing of the Plaintiff's Motion for Conditional Certification on November 30, 2016.[6]

B.   *CSPH Gave Mr. Redus the Information Necessary to Pursue His Claims*

During the discovery process, CSPH provided a comprehensive array of documents concerning Mr. Redus's employment. CSPH produced his personnel file, which included each of his written acknowledgments of CSPH's notice that it would be paying him a hourly wage of $5.15 per hour, CSPH would be receiving a $2.10 tip credit, and Mr. Redus would receive all of his tips as a tipped employee under the FLSA.[7] CSPH also produced to Mr. Redus a copy of all of his check stubs during his employment, tracking his work hours, the tips he received each pay period, the pay periods in which CSPH paid him the tip differential to bring his salary to the federal minimum wage threshold, those pay periods when he worked as a shift manager making $9.00 per hour, and those pay periods where he worked in a light duty assignment.[8] CSPH also provided documentation showing Mr. Redus's daily mileage during his tenure, including his mileage and run reimbursement, along with a copy of CSPH's policies and procedures for its employees, including delivery drivers, like the employee handbook, certain training materials, and the like.[9]

C.   *Mr. Redus Refused to Provide CSPH with Information Needed to Test His Claims*

It is unclear exactly what additional discovery Mr. Redus needs after an expired discovery deadline. Moreover, nothing in Mr. Redus's Motion for Conditional Certification suggested his need for more information from CSPH. Maybe Mr. Redus is referring to his own

---

[6] Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification [Docket No. 20], dated November 30, 2016.
[7] *See* Defendant's Appendix in Support of its Motion for Summary Judgment [Docket No. 24], App. 017-18.
[8] *Id.,* at 021-67.
[9] *Id.*, at 011-15, 071-99. CSPH provided the same information for Russell Rowe, the party plaintiff who consented to join as a member of the putative collective action. *See, e.g.*, Defendant's Appendix in Support of its Motion for Summary Judgment [Docket No. 24], App. 100-106.

evidence that CSPH requested but he refused to produce before the discovery deadline expired, namely proof as to how CSPH's reasonable approximate reimbursement under 29 U.S.C. § 203(m) was not sufficient to keep his wage above the federal minimum wage threshold due to any **actual expenses** he incurred.  CSPH requested the information with its First Requests for Production of Documents, which the Plaintiff refused to provide because that information was "premature" and only relevant for the merits phase of the collective action process.[10]  However, if CSPH is entitled to nothing else, it is entitled to use Mr. Redus's actual expenses to determine the efficacy of whether he properly represents the putative collective action he alleged in his Original Complaint.[11]  CSPH has produced everything necessary to determine whether the allegations contained in his Original Complaint should fail. It is only with CSPH's Motion for Summary Judgment that Plaintiff, **for the first time** since filing the Original Complaint in July 2015 asserts a new allegation that goes well beyond a mere pleading deficiency.[12]

## II.   ARGUMENT AND AUTHORITIES

A.   *Mr. Redus's Motion Fails to Demonstrate Good Cause under FED. R. CIV. P. 16(b)(4)*

The Plaintiff argues this Court should permit this amendment pursuant to FED. R. CIV. P. 15(a), apparently relying on the principle that "the court should freely give leave when justice so requires."  Yet, CSPH believes the authority applicable to Mr. Redus's request is FED. R. CIV. P 16(b)(4), which explains that where a scheduling order has been issued, a motion for leave to amend should only be granted "for good cause and the judge's consent."  Although the

---

[10] *Id.*, at 178-81.
[11] *Accord Smith v. Pizza Hut, Inc.*, 694 F.Supp2d 1227, 1230 (D. Colo. 2010) (granting the defendant's motion to dismiss where the plaintiffs failed to allege what they were paid on an hourly basis, what amounts they expended delivering pizzas, what they were reimbursed per-delivery, or any other facts that would allow the court to infer that plaintiffs have actually received less than the minimum wage).
[12] Of course, CSPH does not address, in this Response, Mr. Redus's decision to pre-empt the Court's authority to determine the scope, makeup and nature of the putative class sought by his Original Complaint. CSPH stands on its January 13, 2017 Motion for Protective Order [Docket No. 32] concerning its belief as to the impropriety of Mr. Redus soliciting new party plaintiffs after CSPH filed its summary judgment motion on December 20, 2017.

December 31, 2015 Scheduling Order is silent as to either Party's ability to amend the pleadings, it is explicit that discovery ends, at the earliest, 120 days following the Court's Order, or the latest, with the filing of the Motion for Conditional Certification. In addition, the Court's September 26, 2016 Order extending Mr. Redus's Motion for Conditional Certification deadline to November 30, 2016 was explicit in stating: "No further extensions will be granted absent a showing of **good cause**."[13]

Relying on the Court's September 26, 2016 Order requiring good cause, whether it exists to permit post-deadline amendments depends on four elements: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[14] Mr. Redus's request fails three of the four elements necessary for good cause to apply to him. For example, his explanation that the amended pleading is needed to cure alleged "deficiencies" that could have been cured through a conference with CSPH's counsel is wholly without merit.

In truth, the real deficiency lies with Mr. Redus and his lack of evidence concerning his actual expenses, which would have enabled CSPH the chance to test Mr. Redus's allegations that its reimbursement policy failed to meet the federal minimum wage threshold.[15] The importance of the amendment is critical to Mr. Redus because in it, he suggests that he has no evidence of those actual expenses since CSPH did not require him to report them. But, Mr. Redus still has an obligation to present a genuine issue of material fact that he is a proper plaintiff in this putative class action. Waiting until after CSPH filed its summary judgment motion to do so is too little

---

[13] Order Granting Joint Motion to Extend Class Certification Deadlines [Docket No. 19], dated September 26, 2016.
[14] *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[15] *See supra*, at 2-3.

too late. The time to make that demonstration was well before the Court's discovery deadline ended with his Motion for Conditional Certification—in response to CSPH's discovery requests—not months thereafter and facing the possibility of dismissal.

Obviously, the potential for prejudice against CSPH is enormous if the Court grants Mr. Redus's motion for leave. The time, money and effort CSPH has expended in trying to evaluate its possible exposure to Mr. Redus's claims in isolation is immeasurable considering that this case would essentially start all over again, after 15 months have elapsed, if Mr. Redus gets another bite at the apple. Moreover, the Court has already warned against any further delays. Granting a continuance would only embolden Mr. Redus to engage in additional impropriety he initiated on or about January 3, 2017, by contacting potential class members without the imprimatur of the Court's order granting his Motion for Conditional Certification. To the extent such behavior is the subject of CSPH's pending January 13, 2017 Motion for Protective Order, CSPH will refrain from relitigating that issue with this pleading.

Hence, CSPH respectfully requests the Court to deny Mr. Redus's Motion for Leave to Amend his Complaint because good cause does not exist based on the evidence before the Court.[16]

---

[16] *See S&W Enters.*, 315 F.3d at 536-37 (affirming the trial court's denial of leave to amend the complaint where three out of the four good cause factors weighed against the party seeking amendment: more than three months elapsed following the amendment deadline; the party seeking amendment offered no effective explanation concerning the delay; adding a new claim would require additional discovery; and a continuance would unnecessarily delay the trial); *see also Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 347-48 (5th Cir. 2008) (affirming the court's denial of the motion for leave to amend where two out of the four good cause factors weighed against the party seeking amendment: the party seeking amendment offered no explanation for her failure to timely move for leave, and the opposing party would be prejudiced if forced to defend against a new claim and basis for recovery so late in the litigation); *see also Santacruz v. Allstate Texas Lloyd's, Inc.*, 590 Fed.App. 384, 389-90 (5th Cir. 2014) (affirming the trial court's denial of leave to amend the complaint where the party seeking leave waited until four months following the amendment deadline to seek leave, and allowing the amendment would prejudice the opposing party in a way a continuance could not cure because doing so would result in reopening discovery and permitting the refiling of a dispositive motion on an additional claim, the deadlines for which had already passed).

B.   *The IRS Reimbursement Must be Pled or is Lost*

The absence of Mr. Redus's allegation concerning the IRS reimbursement rate is fatal to the Plaintiff's claim at this stage. Whether any employer taking a tip credit is forced to defend its reasonable approximate standard against the IRS rate is a pleading requirement.[17] If the IRS rate is pled, the employer is required to demonstrate how its rate compares to the IRS rate but is still sufficient to meet the federal minimum wage threshold.[18] To the contrary, if the IRS rate is absent from the plaintiff's complaint, he/she has the burden to test the employer's rate only against his/her actual expenses.[19] Mr. Redus's failure to plead the IRS rate cannot now be cured when the discovery period has ended as directed by the Court's December 31, 2015 Scheduling Order. Permitting the Plaintiff to belatedly amend his Original Complaint would work an overwhelming unfairness to CSPH's defense of this putative collective action that could not be otherwise alleviated. Mr. Redus's own refusal to fully engage in the discovery process cannot be corrected without harming CSPH's right to test his allegations for its alleged improper conduct in a meaningful way. Therefore, CSPH respectfully requests the Court to deny Mr. Redus's Motion for Leave to Amend his Complaint because good cause does not exist based on the evidence before the Court.

### III.   CONCLUSION AND PRAYER

Mr. Redus's Motion for Leave to File an Amended Complaint is not an effort to clear pleading deficiencies. Rather, it is an effort to undermine duly filed CSPH's Motion for

---

[17] *Wass v. NPC Intern., Inc.*, 688 F.Supp.2d 1282, 1287 (D. Kansas 2010) stands for the proposition that unless the plaintiff referred to any IRS rate in the operative complaint, Mr. Redus's Original Complaint [Docket No. 001], such a plaintiff must rely on the employer's reasonable approximate reimbursement compared to his actual expenses to determine whether they violate the federal minimum wage threshold.
[18] *Id.*
[19] *Id.* The IRS rate is not case determinative; rather, it is one measure for evaluating the sufficiency of the reimbursement. The regulations do not suggests that the IRS rate is the only acceptable method for reimbursing tipped employees for the employer's use of their vehicle. 29 C.F.R. §788.217 (b)(3).

Summary Judgment, following the expiration of the discovery period for conditional certification as ordered by the Court, which ended when Mr. Redus filed his November 30, 2016 Motion for Conditional Certification.  Where Mr. Redus had the chance to participate in discovery but failed to fully vet his claims for class status before filing his Motion for Conditional Certification, there is no other remedy available to CSPH than a motion for summary judgment based on his failure to do so.  As such, Defendant CSPH, Inc. respectfully requests the Court to deny Mr. Redus's Motion for Leave to File an Amended Complaint and such further relief to which it may be entitled.

Dated:  January 30, 2017

                                          Respectfully submitted,

                                          By: */s/ Sonja J. McGill*
                                                Jay M. Wallace
                                                Texas Bar No. 20769200
                                                jwallace@bellnunnally.com
                                                Sonja J. McGill
                                                Texas Bar No. 24007648
                                                smcgill@bellnunnally.com
                                                R. Heath Cheek
                                                State Bar No. 24053141
                                                hcheek@bellnunnally.com
                                                Anthony J. Bégon
                                                State Bar No. 24092109
                                                abegon@bellnunnally.com

                                          **BELL NUNNALLY & MARTIN LLP**
                                          3232 McKinney Ave., Suite 1400
                                          Dallas, TX  75204-2429
                                          Tel: 214/740-1400
                                          Fax: 214/740-1499

                                          **ATTORNEYS FOR DEFENDANT**
                                          **CSPH, INC. d/b/a DOMINO'S PIZZA**

## **CERTIFICATE OF SERVICE**

  I certify that on January 30, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Derek Braziel
J. Forester
Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

Mark Potashnick
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141

              */s/ Sonja J. McGill*
              Sonja J. McGill

08259.00001/3062481_1.docx