IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOHN MICHAEL REDUS,** individually and on behalf of similarly situated persons, | )<br>)<br>) Case No. 3:15-cv-2364 |
| Plaintiff, | ) |
| v. | )<br>) |
| **C.S.P.H., INC. d/b/a "Domino's,"** | )<br>) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**I. INTRODUCTION**

Rather than recognize, or address, the applicable "liberal" standard for leave to amend under Federal Rule of Civil Procedure 15,[1] Defendant seeks to block amendment by relying on unfounded accusations toward Plaintiff, distorting the stage of this litigation, and relying on unsupported legal theories.

It is evident from Defendant's Response that it misunderstands the bifurcated discovery plan entered by the Court. Defendant seems to believe that merits discovery is already over (which explains its premature summary judgment motion). However, the Court ordered "Bifurcated Discovery," including an initial phase of "[l]imited discovery … *solely* as to the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b)." *Id.*, at 1 (emphasis added). Defendant insists that discovery is now complete. It is not. Only discovery concerning conditional certification is complete. ECF Doc.

---

[1] Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires. *Lowery v. Texas A &M Univ. Sys.,* 117 F.3d 242 (5th Cir. 1997) (stating that Rule 15(a) creates a "strong presumption" in favor of permitting amendment). **Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.** *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598-99 (5th Cir. 1981) ("delay alone cannot justify the decision of the trial court.").

12. All applicable case law cited below holds that actual vehicle costs, and variances in actual costs, are irrelevant to conditional certification. Thus, Plaintiff has been under no duty to disclose his actual vehicle costs.

More generally, Defendant's accusation that Plaintiff failed to disclose his *actual* vehicle costs further fails because the federal courts uniformly recognize that *actual* vehicles costs are immaterial to a claim alleging minimum wage deficits resulting from unreimbursed vehicle costs. Those cases hold that plaintiffs need not provide, nor even know, their actual vehicle costs, and repeatedly hold that contentions that plaintiffs must prove those costs are "without merit."

Finally, Defendant's prior filings show that it was not surprised by Plaintiff's request for leave to amend because Defendant has been fully cognizant of the applicable law holding that claims may be based on failure to reimburse a *reasonable estimate* of vehicle costs, rather than *actual* vehicle costs. Moreover, despite its complaints, Defendant has not been prevented from discovering facts relevant to the merits because the first phase of discovery "solely" pertained to conditional certification issues.

## II. ARGUMENT

**A. Contrary to Defendant's Contention, Discovery Is Not Complete**

Defendant argues that "[a]lthough the December 31, 2015 Scheduling Order is silent as to either Party's ability to amend the pleadings, it is explicit that discovery ends, at the earliest, 120 days following the Court's Oder, or at the latest, with the filing of the Motion for Conditional Certification." Doc. 39, at 4-5; *see also, e.g., id.,* at 6 ("[t]he time to make that demonstration [based on actual vehicle costs] was well before the Court's discovery deadline ended…"). Defendant completely misreads and misrepresents the Order. The Court ordered "Bifurcated Discovery," including an initial phase of "[l]imited discovery … **solely** as to the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 216(b)." *Id.*, at 1 (emphasis added).  Thus, Defendant's primary argument against amendment, specifically the purported prior close of discovery, blatantly ignores both the Court's express order of "Bifurcated Discovery" and further ignores that only the phase of "limited discovery" pertaining "***solely***" to proceeding as a collective action has passed.  The period for the parties to generally test each other's factual contentions has not yet come, let alone gone.  ***That is the purpose of the second stage.***  In fact, discovery regarding the merits is yet to occur.  Thus, Defendant's primary argument against amendment fails.

Defendant further blatantly ignores the fact that, on October 8, 2015, the parties submitted their Joint Status Report in which the Parties ***jointly*** explained that the "proposed time limit to amend pleadings … should be addressed in the second Rule 16 conference…" *See* ECF Doc. 11, ¶ 3.  Thus, not only did the Court not impose a deadline for amendment, but that was done based on both parties' request.  *Id.*  But, Defendant now conveniently fails to recall that important fact in its effort to concoct a non-existent deadline.

Defendant attempts to rely on the standard for "good cause" for "post-deadline amendments" under Fed. R. Civ. P. 16.  ECF Doc. 39, at 4-5.  This argument makes no sense.  First, Rule 16(b)(4), by its terms, applies to changes to a "schedule" as opposed to a pleading.  Second, no deadline for amendment of pleadings has been set, which Defendant admits by noting "the December 31, 2015 Scheduling Order is silent as to either Party's ability to amend the pleadings." *Id.*, at 4-5.  Finally, Defendant references "the Court's September 26, 2016 Order requiring good cause." *Id.*, at 5.  However, by its own terms, that Order only pertains to the deadline for filing a motion for conditional certification, not a deadline for seeking leave to amend the Complaint.  ECF Doc. 19.  No deadline to amend was previously set because any such deadline was contemplated as part of the later "second Rule 16 conference for the purpose of presenting an agreed proposed Scheduling

3

Order and Case Management Plan to the Court." Doc. 12, at 2. Consequently, Defendant's arguments on this issue should be ignored, and Plaintiff's Motion should be granted.

**B. Courts Hold That Actual Vehicle Costs, and Any Differences in Actual Vehicle Costs, are Wholly Irrelevant to Conditional Certification**

Defendant's complaints about not receiving discovery of Plaintiff's *actual* vehicle costs should not be considered because the federal courts have consistently held that actual vehicle costs, as well as variations in actual vehicle costs, are wholly irrelevant to conditional certification of FLSA claims. *See, e.g., Smith v. Pizza Hut, Inc. ("Smith II"),* 2012 U.S. Dist. LEXIS 56987, *16-18 (D. Colo. Apr. 21, 2012) (finding that "[w]hether a particular plaintiff actually received less than the required minimum wage is a factual question" that should not be addressed at the conditional certification stage and reasoning that "[t]he Court acknowledges that the plaintiff delivery drivers were paid different base wages and had different automobile expenses; however, this appears relevant only insofar as it would relate to the calculation of damages for each individual plaintiff. Such potential differences in the calculation of damages 'are not sufficient to preclude joining the claims in one action.'"); (quoting *Perrin v. Papa John's Int'l. USA, Inc.,* 2011 U.S. Dist. LEXIS 104059, *16-17 (E.D. Mo. Sept. 14, 2011)); *Tegtmeier v. PJ Iowa, L.C.,* 2016 U.S. Dist. LEXIS 130190, *19-20 (S.D. Iowa Sept. 21, 2016) ("It seems plain that Tegtmeier and other PJ Iowa's delivery drivers will not have incurred equal expenses, even on a rate basis. But that is not the relevant standard… But the Court is able to determine that Tegtmeier has met [his] burden, at least at this stage of the litigation, of demonstrating a single decision, policy, or plan.") (internal quotes and citation omitted); *Darrow v. WKRP Mgmt. ("Darrow II"), LLC,* 2012 U.S. Dist. LEXIS 24997, *13-14 (D. Colo. Feb. 28, 2012) ("…Defendants assert that Plaintiffs were paid different hourly wage rates, were reimbursed for their expenses at different rates, and incurred different vehicle-related expenses based on a host of personal factors. However, the existence, effect, and

4

predominance of these individual questions and defenses would be relevant only at the second stage of collective action certification, and are not appropriate considerations at the notice stage inquiry…

Moreover, even though there may be some differences in the calculation of damages should Plaintiffs ultimately prevail, those differences are not sufficient to preclude joining the claims in one action." (internal quotes and citations omitted); *Wass v. NPC Int'l., Inc. ("Wass II"),* 2011 U.S. Dist. LEXIS 32761, *18-19 (D. Kan. Mar. 28, 2011) ("Defendants also argue that plaintiffs are not similarly situated because their individual vehicle expenses do vary (as demonstrated by evidence obtained thus far) and must vary, as they depend on the type of car, facts about the driver (with respect to insurance), and even the topography of the drivers' routes. Defendants insist that mini-trials for every driver will be necessary for purposes of determining liability. The existence, effect, and predominance of such individual questions and defenses, however, would only be relevant to second-stage certification, and thus they do not bear on the Court's present inquiry.") (internal citation omitted). Thus, because Plaintiff's actual vehicle costs are widely recognized as "irrelevant" to conditional certification, he was under no duty to produce his actual vehicle costs during the Court's period of "limited discovery" pertaining "solely" to the conditional certification issue.

**C. All Applicable Authorities Hold That *Actual* Vehicle Costs are Irrelevant Because Plaintiffs Can Prove Their Claims Through *Estimated* Vehicle Costs, and Need Not Prove, or Even Know, Their *Actual* Vehicle Costs**

More generally, Defendant's argument that leave to amend should be denied because Plaintiff failed to produce his *actual* vehicle costs completely ignores the fact that *every* applicable decision issued in a similar claim holds that plaintiffs can prove class-wide liability based on vehicle cost estimates. Many of these decisions expressly hold that plaintiffs need not prove, nor even know, their *actual* vehicle costs to prevail. It is no surprise that Defendant fails to cite any authority supporting its position because none exists. *See, e.g., Drollinger v. Network Global Logistics, Inc.,*

5

2016 U.S. Dist. LEXIS 171013, *3-5 (D. Colo. Dec. 8, 2016) (holding that "'FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not an unreasonable approximation of the actual figure'" and noting lack of legal support for the argument that the plaintiffs must prove their actual costs) (internal quotes omitted), objections overruled at *Drollinger v. Network Global Logistics, Inc.,* Case No. 16-cv-00304-MSK-MJW (D. Colo. Jan. 18, 2017); *Villalpando v. Exel Direct Inc. ("Villalpando I")*, 2016 U.S. Dist. LEXIS 53773, *45 (N.D. Cal. Apr. 21, 2016) (holding that damages in a claim for unreimbursed vehicle costs "can be addressed through common proof, namely, the opinions of Plaintiffs' expert as to hours driven by class members and the applicable rate"); *Perrin v. Papa John's Int'l., Inc. ("Perrin III")*, 2014 U.S. Dist. LEXIS 133974, *5 &12 (E.D. Mo. Sept. 24, 2014) (recognizing that claims can be proven through class-wide expert testimony based on estimated vehicle costs); *Perrin v. Papa John's Int'l., Inc. ("Perrin II")*, 2013 U.S. Dist. LEXIS 181749, *20-24 (E.D. Mo. Dec. 31, 2013) (holding that "[i]n proving such a claim, a plaintiff may rely on a reasonable estimate of his vehicle-related expenses and need not show his actual expenses" and finding that defendants' assertion that individualized showing of vehicle costs will be required is "without merit" because "Defendants' own reimbursement methodology does not depend upon the drivers' actual expenses and the regulatory framework does not require that reimbursement be based on actual expenses"); *Darrow II,* 2012 U.S. Dist. LEXIS 24997, at *15 & n. 10 (threatening defendants with Rule 11 sanctions for continuing to argue that pizza delivery drivers must prove their actual vehicle costs because the Court previously determined that the plaintiffs "may rely on reasonable estimates of their vehicle-related expenses as the factual basis of their FLSA claim); *Wass v. NPC Int'l., Inc. ("Wass II")*, 2011 U.S. Dist. LEXIS 32761, *9 (D. Kan. Mar. 28, 2011) (observing the "consistent rejection of the argument that a driver must know his actual expenses incurred."); *Perrin v. Papa John's Int'l., Inc. ("Perrin I"),* 818 F. Supp. 2d 1146, 1149 (E.D. Mo. Mar. 8, 2011) (finding that plaintiffs can

base their vehicle reimbursement claims on estimates to be determined by an expert); *Smith v. Pizza Hut, Inc. ("Smith I")*, 2011 U.S. Dist. LEXIS 76793, *11-12 n.4 (D. Colo. Jul. 14, 2011) ("…Plaintiff may rely on a reasonable estimate of his vehicle-related expenses without knowing his exact expenses"); *Darrow v. WKRP Mgmt. ("Darrow I")*, 2011 U.S. Dist. LEXIS 59388, *9-15 (D. Colo. Jun. 3, 2011) (rejecting argument that plaintiffs must show their actual costs and holding that "FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not an unreasonable approximation of the actual figure"); *Wass v. NPC Int'l., Inc. ("Wass I")*, 688 F. Supp. 2d 1282, 1284-87 (D. Kan. Mar. 2, 2010) (recognizing that the applicable regulations, specifically 29 C.F.R. § 531.35 ("the Anti-Kickback Rule"), 29 C.F.R. § 531.32(c) and 29 C.F.R. § 778.217(a)(3)), permit a plaintiff to rely on an estimate of his vehicle costs to support his claim).

Even Defendant has expressly recognized in this litigation that a "plaintiff could not base his claim on the defendants' failure to reimburse actual expenses because the defendant could reasonably approximate the Plaintiff's vehicle related expenses in setting the reimbursement rate." ECF Doc. 23, at 6-7 (citing *Wass I,* 688 F. Supp. 2d at 1286).

Thus, pursuant to *all* of the applicable authorities and Defendant's express admission, Plaintiff need not produce his *actual* vehicle costs.

**D. Failing to Produce Merits Discovery During the Conditional Certification Phase is Irrelevant to This Motion and Defendant Sat on its Alleged Rights.**

Defendant complains that Plaintiff did not produce evidence of his actual expenses during the conditional certification discovery phase. ECF Doc. 39, at 4-5. This so-called "deficiency" has nothing to do with Plaintiff's request to amend his Complaint. As set forth in the prior sections, Plaintiff's actual costs are not at issue as this stage of the case. Yet, Defendant complains that it was not able to "test" Plaintiff's allegations. *Id*. at 5. Defendant had plenty of time to raise this issue if it was so inclined. On April 26, 2016, the parties ***jointly*** requested an extension until

September 30, 2016, to file the First Stage Motion. ECF Doc. #'s 13-14.  On May 9, 2016, Plaintiff responded to Defendant's first stage discovery requests and properly objected to the extent the requests sought merits discovery which was outside the scope of conditional certification discovery per the Court's prior scheduling order.  Defendant never moved to compel the information it claims it needs.  Curiously, Defendant never requested to depose Mr. Redus.  Nor did it seek any discovery whatsoever regarding the other participant in this case (Russell Rowe) who joined this matter on August 15, 2016.  Defendant had plenty of time to do so because on September 26, 2016, the parties *jointly* requested an extension of time explaining that "[a]fter discussion between counsel regarding discovery matters in this case and in order to effectively meet required deadlines, counsel mutually agreed to extend the deadline for Plaintiff to file his Motion for notice and Conditional Certification to November 30, 2016." *See* ECF Doc. #'s 18-19.  Although the information Defendant complains was withheld is not relevant to this Motion or conditional certification, Defendant cannot complain about not receiving data it believes was relevant when it did virtually nothing to obtain it.

**E. Defendant's Own Filings Show that It Has Suffered No Surprise, and This Court's Prior Scheduling Order Shows Defendant Will Suffer No Prejudice to Its Ability to Conduct Discovery Regarding the Merits**

In its premature motion for summary judgment, Defendant recognized that "[t]he FLSA does not require that an employer reimburse employees for actual automobile expenses incurred, only a reasonable estimate." ECF Doc. 23, at 6.  Then, Defendant argued, albeit incorrectly, that it is exculpated because "[a]s a matter of law, Plaintiff cannot sustain a claim against Defendant for a violation of section 206(a) for an alleged failure to reimburse actual automobile expenses, when, as here Defendant provided a reasonable approximation of Plaintiff's expenses." *Id.,* at 7.  Thus, Plaintiff has neither surprised Defendant nor prevented Defendant from understanding the actual nature of the claim or the recognized method of proof.  Further, Plaintiff has not prevented

Defendant in any way from arguing that its reimbursements constitute a "reasonable approximation" of vehicle costs at the appropriate time. *Id.*

Contrary to its complaints, Defendant will suffer no prejudice from the proposed amendment. Based on its all applicable case law and Defendant's own prior admission, Plaintiff's actual vehicle costs are immaterial to his claim. Moreover, despite its denial of the second discovery phase, Defendant will in fact have ample opportunity to discover merits issues, which according to Defendant encompasses discovery of actual vehicle costs, during that second phase (of course only to the extent permitted within the applicable limits of discovery). ECF Doc. 12, at 2.

**F. Defendant's Argument Based on the IRS Rate is Misplaced**

Defendant takes excessive liberty based on an older opinion in *Wass v. NPC Int'l., Inc.,* 688 F. Supp. 2d 1281 (D. Kan. 2010) to argue that failure to plead the IRS rate results in "*waiver*" of the right to recover the IRS rate. ECF Doc. 39, at 7. Simple review of *Wass* reveals that it contains no such holding about *waiver*. 688 F. Supp. 2d 1282. In fact, *Wass* merely states that "[b] plaintiffs have not referred to any IRS rate in the complaint, but instead have pleaded a violation based on a failure to pay actual expenses incurred, the Court does not address this issue." *Id.*, at 1287.

Recently *Cornish v. Deli Mgmt., Inc.* re-emphasized a series of holdings expressly finding that plaintiffs sufficiently alleged their claims based on estimates of vehicle costs such as the IRS rate and Edmunds' True Cost to Own*,* 2016 U.S. Dist. LEXIS 141209, *8-13 (D. Md. Oc. 12, 2016) (citing *Smith I,* 2011 U.S. Dist. LEXIS 76793; *Darrow I,* 2011 U.S. Dist. LEXIS 59388; *Perrin I,* 818 F. Supp. 2d 1146; *Wass II,* 2010 U.S. Dist. LEXIS 141978. None of the original complaints in these cases mentioned the IRS rate. *See Smith v. Pizza Hut, Inc.,* Case No. 09-cv-01632-CMA-BNB (D. Colo.) (ECF Doc. 1); *Darrow v. WKRP Mgmt., Inc.,* Case No. 09-cv-01613-CMA-BNB (D. Colo.) (ECF Doc. 1); *Perrin v. Papa John's Int'l., Inc.,* Case No. 4:09-cv-01335 (E.D. Mo.) (ECF Doc. 1); *Wass v. NPC Int'l., Inc.,* Case No. 09-2254-JWL (D. Kan.) (ECF Doc. 1). But, all of the

complaints in these earlier cases were later found sufficient based on amendment to allege estimated vehicle costs based on the IRS rate and/or the Edmunds' rate (sometimes after dismissal of earlier versions of the complaints). *Smith I,* 2011 U.S. Dist. LEXIS 76793, at *11-12 & n.4; *Darrow I,* 2011 U.S. Dist. LEXIS 59388, at *9-17; *Perrin I,* 818 F. Supp. 2d 1146, at 1149-53; *Wass II,* 2010 U.S. Dist. LEXIS 141978, at *9-15. Thus, contrary to Defendant's unsupported assertion, no waiver of the right to rely on the IRS rate occurs when it is not pled in the original complaint.

*Cornish* recognizes that "[w]hile it is true, as Defendant asserts, that employers are not required to reimburse at the IRS rate, at least some courts have held that, if employers fail to do so, they must 'keep detailed records of the employees' expenses to justify another reimbursement rate.'" *Id.,* at *9. *Cornish* follows *Zellagui v. MCD Pizza, Inc.,* which holds that "[b]ecause Domino's failed to keep detailed contemporaneous records of its delivery drivers' actual expenses, Plaintiff and the [opt-ins] are entitled to be reimbursed at the IRS rate." 59 F.Supp.3d 712, 716 (E.D. Pa. 2014); *see also Gattuso v. Harte-Hankis Shoppers, Inc.*, 169 P.3d 889, 896 (Cal. 2007) ("If an employer wants to pay less than the established IRS rate, it bears the cost of proving the employee's cost of operating the vehicle for work is actually less"); DOL Field Ops. Handbook § 30c15(a) (employer may either reimburse at the IRS rate or keep accurate, contemporaneous expense records and reimburse the employee accordingly). Plaintiff's Original Complaint expressly pled that Defendant did not have Plaintiff track or report actual vehicle costs. ECF Doc. 1, at 4, ¶ 20. Pursuant to these authorities, Defendant should have known all along that it may be liable for paying the IRS rate, regardless of whether Plaintiff specifically mentioned the IRS rate in his Original Complaint.

### III.  CONCLUSION

For all reasons aforestated, this Court should grant Plaintiff's motion to amend his Complaint.

        Respectfully submitted,
          /s/ *J. Derek Braziel*

**J. Derek Braziel**
Attorney-in-Charge
State Bar No. 00793380
**J. Forester**
Texas Bar No. 24087532
**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(202) 749-1400
(202) 749-1010 fax

Mark Potashnick (admitted *pro hac vice*)
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Email: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on Defendants' counsel of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

        /s/ *J. Derek Braziel*
        J. Derek Braziel