IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-2364-M |
| CSPH, INC., doing business as Domino's Pizza, | § § § § | |
| Defendant. | § § | |

## AMENDED MEMORANDUM OPINION AND ORDER[1]

Defendant CSPH, Inc., d/b/a Domino's Pizza has filed a Motion for Protective Order under Federal Rule of Civil Procedure 26(c)(1), *see* Dkt. No. 32 (the "MPO"), which Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for hearing, if necessary, and determination pursuant to 28 U.S.C. § 636(b), *see* Dkt. No. 36.

Plaintiff John Michael Redus filed a response, *see* Dkt. No. 44, and CSPH filed a reply, *see* Dkt. No. 48. The Court determines that a hearing is not necessary to resolve the motion.

As amended effective December 1, 2015, Rule 26(c)(1) authorizes a protective

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

order, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the

probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted); *see also id.* at 564 ("Rule 26(d) gives that court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)).

This Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

CSPH seeks a Rule 26(c)(1) protective order "to prevent the Plaintiff from undermining the Court's prerogative, as defined by the [Fair Labor Standards Act's] legislative proscriptions, to determine whether his November 30, 2016 Motion for Notice to Potential Plaintiffs and for Certification should be granted, and the form, method, and means for issuing any such Notice" and "preventing the Plaintiff from seeking putative class members unless and until the Court makes a ruling on his November 30, 2016 Motion." Dkt. No. 32 at 8. CSPH contends that "Plaintiff has attempted to unilaterally usurp this Court's power to authorize if, how and when any notice is given to prospective class members by emailing solicitations to current CSPH delivery drivers as late as January 3, 2017" and that "Plaintiff should not be allowed to circumvent the judicial process in place to obtain conditional certification by disseminating email solicitations to prospective clients prematurely." *Id.* at 2. "Accordingly, CSPH requests that the Court grant its Motion for a Protective Order,

thereby limiting any communicating with and soliciting to prospective party plaintiffs unless and until permitted by the Court to do so following a ruling on the merits of his Motion for Notice to Potential Plaintiffs and for Conditional Certification ('the Motion') filed on November 30, 2016." *Id.*

Redus responds that his counsel knows the difference between communications for case investigation and a solicitation letter and that the MPO "seeks to prohibit Plaintiff from conducting even the most basic form of case investigation (contacting and interviewing witnesses) by repeatedly and inexplicably casting Plaintiff's Investigation Letter as 'solicitation.'" Dkt. No. 44 at 3-5. According to Redus, "the express terms of the [January 3, 2017] communication ... clearly indicate an intent to gather information and never once suggest the recipient can or should hire Plaintiff's counsel," and "Plaintiff's communication is not an impermissible solicitation and courts, including those in this district, have routinely permitted this type of communication." *Id.* at 3.

CSPH replies that Redus's response "fails to address the actual issues raised by CSPH in its [MPO], to divert the Court's attention from the real issue at play: that Plaintiff's claims fail as a matter of law." Dkt. No. 48 at 1. CSPH explains that it "seeks this Court's protection to prevent the Plaintiff from prematurely soliciting potential class members until a ruling on his Motion for Notice to Potential Plaintiffs and for Conditional Certification" and does so "to safeguard the integrity of the judicial process and provide a fair and balanced system to prosecute and defend this lawsuit," where "Plaintiff should not be permitted to usurp this Court's authority by preempting its

decision whether conditional certification should be granted, and the scope thereof," or "permitted to violate the Texas Disciplinary Rules of Professional Conduct in a manner that attempts to give his client an unfair advantage, further limiting CSPH's ability to defend his claims against it." *Id.* at 1-2.

CSPH makes clear that it is seeking a protective order under Rule 26(c) and distinguishes other cases on that basis. *See id.* at 3. CSPH explains that it seeks an order "to prevent counsel from soliciting putative class members before the Court rules on the Motion for Conditional Certification"; that "CSPH has not, and does not seek an overall ban on Plaintiff's counsel's communications with anyone"; and that the issue raised in the MPO "is whether counsel for Plaintiff can solicit putative class members before the Court's decision on his own Motion for Conditional Certification, in order to protect CSPH's ability to fairly defend itself in this lawsuit." *Id.* And, CSPH disputes Redus's claim that his counsel's "January 3, 2017 email is not a solicitation because it uses the term investigation" and argues that Redus's counsel cannot be engaged in merits-based discovery because Redus has previously taken the position that merits-based discovery has yet to begin. *See id.* at 4-5. Accordingly, CSPH explains that it "seeks protection from Plaintiff's improper and unauthorized solicitation of potential class members until the Court rules on his Motion for Conditional Certification." *Id.* at 6.

Much of the briefing focuses on whether Redus's counsel is soliciting additional potential class members as clients and whether that is acceptable. But the Court is only considering a request for a Rule 26(c)(1) protective order. Such an order is, as

CSPH points out, governed by the Federal Rules of Civil Procedure. As to requests for protective orders, Rule 26(c)(1) "vests in the trial court discretion over litigants' requests for protection from 'annoyance, embarrassment, oppression, or undue burden or expense' in the discovery process." *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. 1981). But a Rule 26(c)(1) order properly controls only information that is requested and obtained as part of the discovery process in the case pending before the Court. And, as a general matter, "once an action is filed in federal court, all discovery (including depositions) is governed by the Federal Rules of Civil Procedure." *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 201 (S.D. Tex. 2010).

The January 3, 2017 email at issue does not clearly solicit additional clients. *See* Dkt. No. 33-1. But, crediting Redus's own characterization, it was an effort to engage in additional case investigation – that is, it was a form of fact discovery focused either on the merits on Redus's claims or possibly "the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act." Dkt. No. 12 at 1. Regardless of which it is, Judge Lynn's scheduling order prohibits the parties from engaging in any discovery at this point, where, as CSPH points out, the Court has limited discovery to a first phase pending a decision on conditional certification and the period for that limited discovery has closed. *See id.* at 1-2; Dkt. No. 14; Dkt. No. 19.

The Court therefore need not reach the other issues raised by the MPO and will GRANT in part and DENY in part CSPH's Motion for Protective Order [Dkt. No. 32] and ORDER – consistent with the limitations set by the Court's First Phase of

Scheduling Order Regarding Bifurcated Discovery [Dkt. No. 12], as later amended, *see* Dkt. No. 14; Dkt. No. 19 – that Plaintiff John Michael Redus and his counsel will not, without further court authorization, communicate with potential class members to investigate or otherwise obtain discovery on the merits on Redus's claims or on the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act, until the Court rules on his Motion for Conditional Certification.

And, considering all of the circumstances here and the Court's ruling above, the parties will bear their own expenses, including attorneys' fees, in connection with CSPH's Motion for Protective Order [Dkt. No. 32].

SO ORDERED.

DATED: February 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE