IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly-situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-cv-2364 |
| CSPH, INC. d/b/a Domino's Pizza | § § | |
| Defendant. | § § § | Jury Demanded |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF FEBRUARY 28, 2017, ORDER AND REQUEST FOR HEARING**

Plaintiff files this Motion For Reconsideration of February 28, 2017, Order and Request For Hearing states as follows:

**I.    INTRODUCTION AND BACKGROUND**

This Court should reconsider its February 28, 2017, Order ("Order") because it based on a misapplication of Judge Lynn's Scheduling Order and a gross misinterpretation of the Federal Rules of Civil Procedure ("FRCP"). The Order imposes a one-way[1] gag order on Plaintiff's ability to communicate with potential witnesses or prepare his case for trial. The result is an unconstitutional prior restraint on Plaintiff's First Amendment rights, without any "specific findings" based on a "clear record," as required by the Supreme Court.[2] Additionally, the Order is not based on any finding under Rule 26(c) that such a limit is needed to protect a party or person

---

[1]   The use of "one-way" here is not intended to imply that if the Order prohibited both sides from communicating with potential witnesses that it would be a proper order. The First Amendment applies to the Defendant too, and if the Order precluded the Defendant from communicating with potential witnesses, it would be equally unconstitutional. The Court's decision to order <u>only</u> Plaintiff not to communicate certainly makes it seem as if the Court was imposing a limit on Plaintiff based on some kind of finding which is not present in the record.

[2]   *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

from "annoyance, embarrassment, oppression, or undue burden or expense…." Nevertheless, as of February 28, 2017, Plaintiff and his counsel were issued the following gag order:

> Plaintiff John Michael Redus and his counsel will not, without further court authorization, communicate with potential class members to investigate or otherwise obtain discovery on the merits on Redus's claims or on the issue of whether this case is appropriate for litigation as a collective action under the Fair Labor Standards Act, until the Court rules on his Motion for Conditional Certification.

Order, p. 6-7.

Rather than address the applicable standards and make the requisite findings, the Court elected to side-step these issues and use the Court's December 31, 2015, Scheduling Order (Dkt. 12) ("Scheduling Order") as the basis of the gag order. This is clear and reversible error and the Court should reconsider, withdraw the Order, and deny the Motion for Protective Order. Plaintiff requests oral argument on this issue so it can be fully discussed with the Court because of the importance of the issue.

## II. ARGUMENTS AND AUTHORITIES

As Plaintiff appreciates the Order, it holds that (1) witness interviews are discovery under the FRCP and (2) because discovery was limited, Plaintiff is now prohibited from talking to witnesses. The Court is incorrect on both points and its imposition of a complete prohibition on talking to witnesses is an unconstitutional expansion of the Scheduling Order. Witness interviews are not discovery under the FRCP and the Scheduling Order did not limit such communications. The only way the Court can impose the ban included in the Order is by applying the *Gulf Oil* standards, which it has failed to do.

### A. **The FRCP Do Not Regulate Witness Interviews or Informal Party Investigation Techniques.**

The linchpin predicate for the Court's Order is that Plaintiff's efforts to informally contact witnesses to investigate the case "was a form of fact discovery" under Rule 26 and "the Court has limited discovery to a first phase pending a decision on conditional certification and the period for that limited discovery has closed." Order, p. 6. A party's efforts to informally interview witnesses or obtain information from willing participants is not governed by the FRCP.

The FRCP contain six main forms of discovery: depositions, interrogatories, requests to produce, requests to admit, non-party production subpoenas, independent medical examinations, site visits and product testing. What all of these have in common is that they impose a court-imposed requirement that they be responded to under penalty of contempt.

However, while the FRCP have provided certain specific formal methods of acquiring evidence from recalcitrant sources by compulsion, they have never been thought to preclude the use of such venerable, if informal, discovery techniques as the *ex parte* interview of a witness who is willing to speak." *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983) (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *see International Business Machines Corp. v. Edelstein,* 526 F.2d at 43–44; *cf. Gregory v. United States,* 369 F.2d at 187–88; *Trans-World Investments v. Drobny,* 554 P.2d 1148, 1151–52 (Alaska 1976)). Prior to the 2007 amendments to the FRCP, Rule 26 set forth the methods to discover additional information which were governed by the Rules:

> (5) Methods to Discover Additional Matter. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

Fed.R.Civ.P. 26(a)(5) (pre-2007 version). The omission of this section after 2007 was not an effort to expand the scope of the Rules to include witness interviews or other informal information gathering techniques, but was an effort to eliminate redundancy as the notes to the 2007 Amendments explain:

> The language of Rule 26 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.
>
> Former Rule 26(a)(5) served as an index of the discovery methods provided by later rules. <u>It was deleted as redundant</u>. Deletion does not affect the right to pursue discovery in addition to disclosure.

Notes of the Advisory Committee, 2007 Amendments (emphasis added).

The FRCP do not address the ability of a party to contact witnesses and potential witnesses through informal means. Unlike the limits placed on the number of depositions or the number of Interrogatories, the Rules contain no limit whatsoever on informal contacts with potential witnesses. There is no limit on how many potential witnesses can be contacted, by whom, when they can be contacted, what can be obtained from them, etc. In examining this specific issue, one court succinctly held:

> However, Fed.R.Civ.P. 26 contains general provisions concerning discovery. Rule 26(a) lists the specific methods by which parties may obtain discovery, and Rule 26(c) gives the court authority to issue protective orders, for good cause shown, concerning these methods of discovery. Informal witness interviews are not encompassed by Rule 26, and therefore this court has no authority under that rule to issue the requested protective order.

*Amarin Plastics, Inc. v. Maryland Cup Corp.,* 116 F.R.D. 36, 38 (D. Mass. 1987).

The fact that informal interviews are not considered "discovery" under the FRCP is supported by the implications if the rule was otherwise. Rule 26(d) says that "A party may not seek <u>discovery</u> from any source before the parties have conferred as required by Rule 26(f)."

Fed.R.Civ.P. 26(d). If the Court is correct, this would mean that neither side could investigate its case after the case was filed but before a Rule 26(f) conference. This would preclude Defendants from informally talking to witnesses to be able to file an Answer. It would preclude both sides from obtaining witness statements early in a case. In FLSA cases, it would preclude both sides from obtaining declarations which address a motion for conditional certification filed before the Rule 26(f) conference. But as this Court well knows, such interviews occur and are used by the parties to prosecute and defend their cases well before the 26(f) meeting. Holding that informal witness interviews are "discovery" under the FRCP will preclude all litigants from investigating their cases until after the Rule 26(f) conference. This cannot be what the Court intends.

Similarly, if informal witness interviews are "discovery" under the FRCP, the Court would be telling litigants that they cannot conduct such interviews after the close of discovery but before trial. In most cases, courts set discovery deadlines. If the Court's Order remains in place such that informal interviews are "discovery" and would be affected by a discovery deadline, the Court would be creating a heretofore unannounced rule that unless a witness is interviewed before the discovery deadline, he cannot be spoken to. This would also impact trial preparation as attorneys meet with witnesses to prepare them to testify when they may have had limited contact with them before the discovery deadline. Would this new "witness interview is the same as formal discovery" rule prohibit witness preparation altogether or limit such preparation to only those specific matters discussed during the open discovery period. Here again, Plaintiff doubts the Court intends such an implication, but such would be the issue if the Court's Order stands.[3]

---

[3] In another example, if a witness who is a potential class member approached Plaintiff and wanted to hand him the smoking gun document that wins the case, Plaintiff would not be allowed to talk to the witness about it or receive the document. The same would be true of a witness coming forward to divulge an incriminating conversation. Plaintiff would be forced to wait some indeterminate amount of time to discuss the matter while the witness' memory of the discussion fades. Under the current Order, Plaintiff could not even tell the witness to write it all down so it can be discussed later. The blanket communications ban simply goes too far.

### B. Judge Lynn's Scheduling Order Does Not Preclude or Limit the Parties From Conducting Witness Interviews.

After errantly concluding that Plaintiff's efforts to conduct informal case investigation by contacting witnesses is "a form of fact discovery", the Court's Order then relies on Judge Lynn's bifurcation of the discovery process into two phases as justification for an expanded gag order. Order, p. 6. The Court again commits reversible error in its analysis. First, the Scheduling Order was issued pursuant to Rules 16(b) and 26 of the FRCP as well as "the local civil rules of this Court (except as modified herein), [and] the Court's Civil Justice Expense and Delay Reduction Plan" Dkt. 12, p. 1. As set forth above, informal witness interviews are not governed by the FRCP. Neither are they expressly governed by the local rules or the CJEDRP. As such, the Court's limit on the time for conditional certification discovery and requirement that formal discovery be limited to conditional certification issues do not preclude or limit Plaintiff's informal case investigation rights.

Second, the Scheduling Order was entered in response to the Report Regarding Contents of Scheduling Order which was filed by the Parties. Dkt. 11. In that document, the applicable section reads, "Plaintiff proposes the Parties be permitted to engage in discovery related to conditional certification for a period of up to 120 days and then file the Motion for Notice and Conditional Certification within 180 days." Plaintiff was not proposing a limit on his ability to informally investigate his claims, but was proposing a limit on the time and scope of formal discovery methods like interrogatories and requests for production. Judge Lynn's adoption of this language does not extend it beyond the formal discovery methods it was intended to address.

This Court's Order specifically expanded the limit on formal discovery to include informal case investigation. However, to the extent the Court believes its ban on witness communication is already included in the Scheduling Order, the Scheduling Order fails to meet the Gulf Oil standards

and is also unconstitutional. Although an easier avenue on which to address a complex issue, the Court's reliance on the Scheduling Order's discovery limit is misplaced and has resulted in an unconstitutional ban on permissible witness communications.

### C. The Authority Relied Upon by The Court is Inapposite

The Court's Order cites to *PJC Bros., LLC v. S&S Claims Serv., Inc*., 267 F.R.D. 199, 201 (S.D. Tex. 2010) for the proposition that "once an action is filed in federal court, all discovery (including depositions) is governed by the Federal Rules of Civil Procedure." Order, p. 6. However, *PJC Bros.* does not stand for the proposition that witness interviews and informal investigation by a party suddenly become "discovery" as that term in used in Rule 26. As set forth in other parts of this brief, these informal techniques are not "discovery" under Rule 26. *PJC Bros.* stands for the proposition that a court should not abate a case because an examination under oath had not yet occurred. The *PJC Bros*. court found that while a person contractually obligated to provide an EUO may have to do so before a case is filed, after it is filed, the EUO is essentially a deposition and is governed by the FRCP. Informal witness interviews by parties and their counsel are not analogous to any of the formal discovery methods included in the FRCP. Because EUO's are depositions, nothing about this case is relevant to the witness interviews and informal investigation Plaintiff is now prohibited from pursuing.

### D. The Court's Ban on Witness Communications is Unconstitutional.

The Court's inherent authority to regulate communications between parties and potential class members in FLSA cases, and the manner to do so, was explained by Judge Lindsay in an analogous case:

> Courts have the authority, pursuant to section 216(b), "to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hofmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482,

Motion for Reconsideration 7

107 L.Ed.2d 480 (1989) (citing Fed.R.Civ.P. 83); *see also Belt v. EmCare Inc.,* 299 F.Supp.2d 664, 667 (E.D.Tex.2003). As district courts have "both the duty and the broad authority to exercise control ... and to enter appropriate orders governing the conduct of counsel and parties" in Rule 23 class actions, *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981), they possess this same duty and broad authority in managing section 216(b) collective actions, since a similar potential for abuse exists. *Hoffmann-La Roche Inc.,* 493 U.S. at 171. Such managerial responsibility begins once the collective action is filed, before the court conditionally certifies the class or authorizes a section 216(b) notice. *See id.* at 170-71.

A court may not limit communications "without a specific record showing by the moving party of the particular abuses by which it is threatened." *Gulf Oil Co.,* 452 U.S. at 102 (Rule 23 context). The "mere possibility of abuses" does not justify routine adoption of a communications ban. *Id.* at 104; *Lee v. American Airlines,* 3:01-CV-1179-P, 2002 WL 226347, at *2 (N.D.Tex. Feb.12, 2002) (Rule 23 context). While actual harm need not be proved to justify an order limiting class contacts, *Hampton Hardware, Inc. v. Cotter & Co.,* 156 F.R.D. 630, 633 (N.D.Tex.1994), the movant must at least present evidence that a potential likelihood for serious abuse exists. *Id.; Burrell v. Crown Cent. Petroleum, Inc.,* 176 F.R.D. 239, 244 (E.D.Tex.1997) ( Rule 23 context).

An order limiting communications between parties and potential class members should be based upon "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.,* 452 U.S. at 101. If a court decides to limit contact between parties or their counsel and potential class members, it should issue "a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102; *Hampton Hardware, Inc.,* 156 F.R.D. at 632. In other words, because of First Amendment concerns, courts must tailor any restrictions they impose upon a party's ability to communicate with absent class members. *Belt,* 299 F.Supp.2d at 667. The court must find that the relief sought would be consistent with the policies of section 216(b) and the Federal Rules of Civil Procedure, giving explicit consideration to the narrowest possible relief which would protect the respective parties. *Cf. Hofmann-La Roche,* 493 U.S. at 172-73; *Gulf Oil Co.,* 452 U.S. at 102.

The court in *Belt* set forth a two-part test for determining whether an order limiting a party's speech with absent class members should issue. First, a court decides whether there is a need for a limitation on speech, and does so by determining whether the party's speech is "misleading, coercive, or an attempt to undermine the collective action." *Belt,* 299 F.Supp.2d at 668. If the court concludes that a basis for restricting speech exists, it should then "tailor appropriate injunctions and sanctions in light of First Amendment concerns." *Id.*

*Vogt v. Texas Instruments Inc.,* No. CIVA 3:05CV2244 L, 2006 WL 4660133, at *2–3 (N.D. Tex. Aug. 8, 2006).

The Court's Order did not make the requisite findings to be able to impose a ban on Plaintiff and his counsel communicating with potential witnesses who may be class members. As set forth in Plaintiff's prior briefing (and incorporated here by reference as if fully set forth), the email sent to potential witnesses does not violate any ethical rule concerning class member contact. The Court has already held that it is not a solicitation. Order, p. 6.

Additionally, such investigation letters and communications have been routinely upheld. In FLSA collective actions, "communications to potential class members… are generally permitted, and [are] also considered to constitute constitutionally protected speech." *Mevorah v. Wells Fargo Home Mortgage*, Inc., 2005 WL 4813532, at *3 (N.D. Cal. Nov. 17, 2005); see also *Frye v. Baptist Memorial Hosp*., Inc., 2008 WL 2117264, at *5 (W.D. Tenn. May 20, 2008) (denying the Defendants' motion requesting that the plaintiffs' counsel cease and desist sending communications to putative collective action members); *Piper v. RGB Inventory Spec, Inc*., 2007 WL 1690887, at *8 (N.D. Cal. June 11, 2007) (holding that the plaintiffs' website needed to be updated but did not justify other limitations on communications with putative collective action members); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342-43 (N.D. Ga. 2007) (holding that it would be an abuse of discretion to totally prohibit plaintiffs from communicating with putative collective action members through a website or other means). Although the Investigation Letter is not a solicitation, it is noteworthy that the same First Amendment protection likewise applies to solicitations of professional services. *See, e.g.,Rubery v. Buth-Na-Bodhaige, Inc*., 514 F. Supp. 2d 431, 434 (W.D.N.Y. 2007) ("[I]t is well settled that attorney advertisements such as the Letter Notice [sent by plaintiffs' counsel to putative collective action members] are protected by the First Amendment, so long as they are 'not false or deceptive and [do] not concern unlawful activities.'"); *Vogt v. Texas Instr., Inc.*, 2006 WL 4660133 (N.D. Tex. Aug. 8, 2006)

(Lindsay, J) (finding advertisement letters were not misleading and not a communication that warranted court intervention prior to conditional certification); *Kalish v. High Tech Inst*, 2005 WL 1073645, at *4 (D. Minn. Apr. 22, 2005) (finding that the advertisement letters sent by plaintiffs' counsel to potential collective action members were permissible and were not "notice"); "[P]laintiffs generally have a right to contact members of the putative class," to conduct discovery. *See Dziennik v. Sealift, Inc.*, No. 05 CV 4659, 2006 WL 1455464, at *2 (E.D.N.Y. May 23, 2006) (citing *Williams v. Chartwell Financial Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir.2000)).

The Court's Order does not address the applicable case law or the *Gulf Oil* analysis, but it must do so in order to implement the ban it has now imposed.

### III.   CONCLUSION

Plaintiff requests that the Court withdraw the Order and deny in its entirety Defendant's Motion for Protective Order. There was no showing under Rule 26(c) that a party or person needed protection from "annoyance, embarrassment, oppression, or undue burden or expense…." or that Plaintiff engaged in otherwise impermissible communications.

Respectfully submitted,

   */s/ J. Derek Braziel*
**J. Derek Braziel**
Attorney-in-Charge
State Bar No. 00793380
**J. Forester**
Texas Bar No. 24087532
**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(202) 749-1400
(202) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**

>Mark Potashnick
>Weinhaus & Potashnick
>11500 Olive Blvd., Suite 133
>St. Louis, Missouri  63141
>Telephone: (314) 997-9150 ext. 2
>Email: (314) 997-9170
>markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the Parties conferred on the relief sought in this Motion and was advised that there is no opposition to such relief.

>/s/*J. Derek Braziel*
>**J. Derek Braziel**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2017, a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

>/s/*J. Derek Braziel*
>**J. Derek Braziel**