UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:15-cv-2364-M |
| CSPH, INC., d/b/a DOMINO'S PIZZA | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Notice to Potential Plaintiffs and Conditional Certification [ECF #20], filed by Plaintiff John Michael Redus. For the following reasons, the Motion is GRANTED, except that certain objections to the form of Plaintiff's proposed notice are SUSTAINED.

**Background**

Plaintiff brings this putative collective action on behalf of himself, and others similarly situated, against Defendant CSPH, Inc., d/b/a Domino's Pizza. He sues under 29 U.S.C. §216(b), a provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to recover unpaid wages and to be reimbursed for expenditures. Defendant is a Domino's Pizza franchisee that operates more than thirty stores in the Dallas, Texas area. Plaintiff worked as a pizza delivery driver for Defendant at its Store No. 6806.

By his lawsuit, Plaintiff alleges that Defendant required him, and all of its delivery drivers, to maintain, at their own expense, "operable, safe and legally-compliant automobiles" for use in delivering Defendant's pizzas. Pl. Compl. [ECF #1] at 3, ¶15. Because of these requirements, Plaintiff and other individuals who worked for Defendant as delivery drivers allegedly purchased gasoline, automobile parts and fluids, repair and maintenance services, and insurance, "all for the

1

primary benefit of Defendant." *Id.*, ¶16. Plaintiff and Defendant's other drivers also allegedly incurred job-related expenses, including fees for cellular telephone services, uniform items, laundering services, and maps, flashlights, and batteries, for Defendant's primary benefit. *Id.* Defendant paid Plaintiff and its other drivers an hourly wage, plus a set amount for each delivery for their automobile expenses. *Id.*, ¶17. However, the amount Defendant paid its drivers allegedly was insufficient to reimburse them for their actual automobile expenses incurred in carrying out their duties as delivery drivers. *Id.* at 4, ¶18. *Id.* Based on those alleged facts, Plaintiff avers Defendant failed to pay its delivery drivers the minimum wage guaranteed to them by the FLSA.

Plaintiff moves to conditionally certify this collective action and approve court-facilitated notice to a class defined as "all current and former delivery drivers who work or worked at Defendant's stores in the previous three years." Defendant responds that Plaintiff's Motion should be denied because his claims lack substantive merit. Defendant further argues that Plaintiff has failed to establish that he is entitled to conditional certification. Finally, Defendant objects to the form of notice proposed by Plaintiff. The Motion has been fully briefed and is ripe for determination.

**Legal Standards and Analysis**

Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly-situated persons, provided that any person who desires to become a part of the collective action files a written consent. 29 U.S.C. § 216(b). District courts have discretion to allow a party asserting an FLSA claim on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Behnken v. Luminant Min. Co., LLC*, 997 F.Supp.2d 511, 515 (N.D. Tex. 2014) (Fitzwater, J.) (citing *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.)). Although the Fifth Circuit has not adopted a specific test to determine when courts should exercise their discretion to facilitate notice or certify a collective action, this Court has used

2

the two-stage test that prevails among federal courts. *See Barnett*, 2002 WL 1023161, at *1; *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to adopt specific standard, but finding no abuse of discretion where district court applied prevailing standard).

At the first stage of the prevailing test, the Court makes an initial inquiry into whether the plaintiff has provided sufficient evidence that similarly situated potential plaintiffs exist. *Barnett*, 2002 WL 1023161, at *1 (quoting *Hall v. Burke*, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002)). The Court uses a lenient standard to determine whether similarly situated persons exist, and if it determines that such persons do exist, then it "conditionally certifies" the class. *Id.* To establish that employees are similarly situated, a plaintiff must show that they are "'similarly situated' with respect to their job requirements and with regard to their pay provisions. [The] positions need not be identical, but similar." *Id.* (citing *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla.1994)). At the second stage, after notice, time for opting-in, and discovery have taken place, the Court reexamines the class to determine if it remains comprised of similarly situated persons. *Id.* If the Court finds that the class is not made up of similarly situated persons, then it may decertify the class, usually upon a motion filed by the defendant. *Id.*

Judged against the relevant standard, the Court concludes that Plaintiff has satisfied his burden to justify conditional certification of a potential class, and the Court exercises its discretion to permit Plaintiff to notify potential class members of the pending lawsuit. The Court determines that Plaintiff has provided sufficient evidence to establish, at this stage in the litigation, that similarly situated potential plaintiffs exist. It is undisputed that Defendant is a Domino's pizza franchisee that operates over thirty restaurants in the Dallas, Texas area. *See* Def. Resp. Br. [ECF #22] at 6. Plaintiff has submitted two declarations, one from himself and the other from a former co-worker, Russell Rowe, stating that each declarant worked for Defendant as delivery drivers until approximately March or April of 2014. *See* Pl. Mot., Ex. 6, ¶1 & Ex. 7, ¶1. Both declarations explain that the declarants' primary job duties were to deliver pizzas and other food items to

3

Defendant's customers, and that, in furtherance of those duties, Defendant required them to maintain and pay for operable, safe, and legally-compliant automobiles, which forced them to incur expenses for gas, parts, repair and maintenance services, and insurance. *See id.*, ¶¶2, 3. Plaintiff also submitted copies of Defendant's own documents, including a "Domino's Pizza Job Description" for a delivery driver, a "Team Member Handbook," and an employee orientation slide presentation, that show that all of Defendant's delivery drivers perform the same basic job duties and are subject to the same work requirements. *See id.*, Ex. 3 & Ex. 5 at 68. The job description states that the job duties for a driver are to "[d]eliver product by car and then to door of customer." *Id.*, Ex. 3. The description further provides that it is a requirement for the job of driver that the individual have "access to [an] insured vehicle which can be used for delivery." *Id.* Plaintiff's declarations establish that each of Defendant's delivery drivers is subject to the same pay procedures and driver reimbursement policies. *See id.*, Ex. 6, ¶¶4-5 & 7, ¶¶4-5. Among other things, Plaintiff's declarations state that Defendant paid Plaintiff and Rowe pursuant to a reimbursement policy that they understood applied to all of Defendant's drivers. *Id.*, ¶4. Plaintiff and Rowe aver that the reimbursements Defendant paid were inadequate to fully reimburse them for the expenses they incurred in carrying out their job duties. *See id,*

  Defendant attempts to short-circuit Plaintiff's request for conditional certification by filing contemporaneously with its response to Plaintiff's Motion a motion for summary judgment on the ground that Plaintiff does not have a viable FLSA claim because it provided Plaintiff a "reasonable approximation" of his reimbursable expenses during his employment. By separate Order, however, the Court has denied Defendant's motion for summary judgment as premature. Defendant may reurge its arguments for dismissal on the merits after the parties have had a full opportunity for discovery, the deadlines for which will be established in a Second Phase Scheduling Order to be entered after the opt-in period closes. Additionally, the Court will entertain a motion by Defendant to decertify the class, after the potential opt-in plaintiffs have filed their Notices of Consent, if any.

Defendant further argues that the lenient standard for determining whether to conditionally certify the class should not apply because Plaintiff has already had an opportunity to conduct "all of the discovery he could have possibly desired on the case." Def. Resp. Br. at 7. Contrary to Defendant's assertion, the Court's First Phase Scheduling Order permitted discovery limited solely to the issue of whether this case is appropriate for litigation as a collective action under the FLSA. *See* Order [ECF #12] at 1. Through that discovery, Plaintiff obtained some of the materials offered in support of its Motion. However, Plaintiff has not had the opportunity to conduct all of the discovery "he could have possibly desired," and the Court declines to hold Plaintiff to any heightened evidentiary standard. The Court has determined that Plaintiff's evidence is sufficient to establish that other potential plaintiffs exist who are similarly situated to Plaintiff with respect to the job requirements and pay provisions at issue in this case, which is all that is required at this stage of the litigation.

The Court next considers the form of notice that should be given to potential class members. "The benefits of a collective action 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Behnken*, 997 F.Supp.2d at 523 (quoting *Hoffman-La Roche*, 493 U.S. at 170). "Consequently, district courts must exercise their discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit." *Id*.

Defendant objects to the form of notice proposed by Plaintiff on various grounds, including: (1) it is not limited to Store 6806; (2) it would require posting at Defendant's stores; (3) it does not refer to Defendant by its name, CSPH, Inc.; (4) it suggests Defendant was not entitled to take a tip credit against the minimum wage it paid its drivers; (5) it fails to include a statement of Defendant's denial of Plaintiff's claims; (6) it suggests opt-in plaintiffs will not be responsible for costs, if the lawsuit is unsuccessful; and (7) it exaggerates the importance of the issue of overtime

5

wages. Having carefully considered Defendant's arguments, and Plaintiff's response thereto, the Court sustains several of Defendant's objections. Specifically, the Court determines that mailing the notice to the potential class members, rather than also posting them at all of Defendant's store locations, is sufficient to provide the potential opt-in plaintiffs with notice of the suit. *Barnett*, 2002 WL 1023161, at *2. The Court also sustains Defendant's objections that the notice should refer to Defendant by its name, CSPH, Inc., that the notice should include CSPH's denial, and that references to overtime wages should be deleted. However, the Court overrules Defendant's objection that the notice should be limited to Store 6806, the only store where Plaintiff worked. It is undisputed that Defendant operates at least thirty Domino's store locations in the Dallas area, and that it employs drivers at each location. Plaintiff's evidence establishes, for purposes of conditional certification, that Defendant subjected drivers at all of its locations to the same job requirements and pay and reimbursement provisions.

**Conclusion**

The Court GRANTS Plaintiff's Motion for Conditional Certification and ORDERS Defendant to provide to Plaintiff, within ten days of the date of this Order, a list of the names and last-known addresses (in electronic form) of all current and former delivery drivers who were employed by Defendant, at any of its store locations, from May 12, 2014 to the present.

By June 12, 2017, Plaintiff, through his counsel, shall send to each of these individuals a Notice and a Consent to Join Lawsuit, in the forms attached. The signed Consent forms must be dated or postmarked by September 12, 2017, and filed with the Court by September 26, 2017.

The parties are reminded of the Court's requirement to engage in a Rule 16 conference, within 30 days of the close of the opt-in period, for the purpose of presenting an agreed proposed Scheduling Order and Case Management Plan to the court. *See* First Phase Sched. Ord. [ECF #12] at 2.

**SO ORDERED**.

May 17, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE