UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL REDUS, on behalf of himself and others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:15-cv-2364-M |
| CSPH, INC., d/b/a DOMINO'S PIZZA | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are (1) a Motion for Summary Judgment, filed by Defendant CSPH, Inc., d/b/a Domino's Pizza; and (2) a Motion for Leave to File a First Amended Complaint, filed by Plaintiff John Michael Redus. As grounds for its motion, Defendant contends that Plaintiff has failed to plead or prove that he was paid below the minimum wage. Plaintiff responds that Defendant's motion is premature and seeks leave to amend his complaint to address the alleged pleading deficiencies identified by Defendant. The Motions have been fully briefed and are ripe for determination.

In a joint Report Regarding Contents of Scheduling Order, the parties agreed that this putative class action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), would proceed in two phases. *See* Rep. [ECF #11] at 2. Specifically, the parties agreed that Phase One would be limited to the Court's consideration of Plaintiff's Motion for Notice and Conditional Certification seeking court-approval to send notice to similarly situated potential plaintiffs, which is currently pending before the Court. Discovery during the initial phase would be limited solely to the issue of whether this case is appropriate for litigation as a collective action under the FLSA. Phase Two will begin after the close of any opt-in period, provided the Court grants the Motion for Notice and Conditional Certification. The parties agreed that no merits

1

discovery will be conducted until Phase Two begins. The Court accepted the parties' Report and entered a First Phase of Scheduling Order Regarding Bifurcated Discovery. *See* Order [ECF #12]. This First Phase Scheduling Order did not permit merits discovery or contemplate a schedule for dispositive motions. In light of the parties' agreement and the Court's First Phase Scheduling Order, the Court determines that Defendant's Motion for Summary Judgment is premature and is therefore DENIED without prejudice.

The standards by which a court evaluates a motion for leave to amend pleadings varies according to whether the motion was filed before or after the deadline established in the scheduling order. "Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, J). Here, the First Phase Scheduling Order does not establish a deadline for filing motions for leave to amend. Rather, the parties agreed that a proposed time limit to amend pleadings should be addressed at the Rule 16 Conference held prior to the commencement of Phase Two of this litigation. Because Plaintiff is not subject to an expired deadline for seeking leave to amend, Rule 15(a) applies. Under Rule 15(a)(2), a "court should freely give leave when justice so requires." Rule 15(a)(2) "evinces a bias in favor of granting leave to amend," *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), meaning a district court must have a "substantial reason" to deny leave. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)). Unless the non-moving party can show one of these factors, leave should be freely given. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendant has not shown any undue delay, bad faith, or dilatory motive on the part of Plaintiff. Rather, the parties agreed to focus their efforts in Phase One of the litigation on the issue of class certification, and to address pleading amendments prior to the commencement of Phase Two. Defendant also has not shown undue prejudice or that the amendment would be futile. Under these circumstances, the Court determines that Plaintiff should be granted leave to amend his complaint.

Accordingly, the Court DENIES without prejudice Defendant's Motion for Summary Judgment [ECF #23] and GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint [ECF #28]. The Clerk of Court is directed to file on the docket Plaintiff's First Amended Complaint, which is attached to his motion as an exhibit.

Finally, the Court DENIES as moot Defendant's Motion to Strike and Objections to Evidence in Support of Response to Defendant's Motion for Summary Judgment [ECF #38] and Plaintiff's Motion for Leave to File a Surreply to Defendant's Summary Judgment Motion [ECF #40].

**SO ORDERED**.

May 17, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE